Joseph A. Gavagan, J.
Motion for reargument is granted and upon reargument the prior decision is recalled and the original motion is disposed of as follows: Upon the additional papers now before the court it is conceded that on July 7, 1956 the petitioner was issued Uniform Traffic Ticket No. 1512 in the town of Bethel, Sullivan County, by State trooper Verne Van Orden, charging petitioner with leaving the scene of an accident; that said ticket had printed at the bottom thereof in bold red type in a size equal to at least 12-point type, the following words: “A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law. ’ ’
Section 335-a of the Code of Criminal Procedure, provides in part as follows: ‘ ‘ The giving of the foregoing instructions by means of a statement printed in bold red type in a size equal to at least twelve point type, upon a summons or ticket issued to a person charged with any such violation shall constitute compliance with the requirements of this section.”
The Legislature by this amendment has provided that the issuance of such a summons with such notice is compliance with the provisions of section 335-a of the Code of Criminal Procedure. With such legislative fiat the court may not interfere. The petitioner has directed the court’s attention to the case of Matter of Arcuri v. Macduff (286 App. Div. 17). That decision concerned a violation of the Vehicle and Traffic Law occurring prior to the effective date of the 1954 legislative amendment (L. 1954, ch. 664) regarding the endorsement upon a summons of the notice concerning the effect of a plea of guilty. Accordingly, the original motion to set aside the determination of the Commissioner of Motor Vehicles is denied.
Settle order.