Mario Pittont, J.
Application for an order, pursuant to article 78 of the Civil Practice Act, setting aside the revocation of petitioner’s license to operate a motor vehicle.
It appears that the petitioner, on April 28, 1961, pleaded guilty to (1) driving an unregistered vehicle, and (2) driving a vehicle in violation of section 319 of the Vehicle and Traffic Law • — with knowledge that the owner did not have in force and effect proof of financial security as required by statute. On June 28, 1961 the petitioner’s license was revoked pursuant to section 318 of the Vehicle and Traffic Law.
It is the petitioner’s contention (1) that the Police Justice, before whom he pleaded guilty, failed to warn him of the effects of such plea, as required by section 335-a of the Code of Criminal Procedure, and (2) that a family policy issued to petitioner’s father made inoperative section 319 of the Vehicle and Traffic Law.
Assuming petitioner had been warned, before he pleaded guilty, as to the effects of said plea, pursuant to section 335-a of the Code of Criminal Procedure, it may not be held that the respondent was arbitrary and unreasonable in revoking the license; for under section 318 (subd. 3, par. [a]) of the Vehicle and Traffic Law the respondent is required to revoke the license of one who operates a motor vehicle on a public highway with knowledge that proof of financial security was not in effect, and a plea of guilty to the charge of violating section 319 of the Vehicle and Traffic Law would eliminate any need for further proof before the issuance of the revocation order.
Here, however, the petitioner contends the warning specified in section 335-a of the Code of Criminal Procedure was not orally given. The copy of the certificate of conviction, dated May 1,1961, notes that the warning was orally given. It is also stated by Mary E. Murphy, Clerk of the Police Justice Court, on behalf of the respondent, that the summons contained a printed warning as to the effect of a plea of guilty.
If the summons contained a statement complying with the requirements of section 335-a, it was not necessary for the Police Justice to give an oral warning (Matter of Tepper v. Kelly, 5 Misc 2d 1019; Matter of Hickey v. Kelly, 9 A D 2d 386, affd. 8 N Y 2d 715). A copy of the summons issued to the petitioner has not been submitted. An affidavit by the Clerk of the Police *975 Court states that it is the practice of that court to return all summonses to defendants after the completion of proceedings, and to dispose of those which the defendants do not wish to retain.
The petitioner does not allege in the petition, does not contend or offer any proof to the effect that the summons issued to Tnm did not contain the warning required by section 335-a. As stated by Mr. Justice Samuel H. Hoestadter in Matter of Barton v. Hults (23 Misc 2d 861, 865), “ Wholly apart from the fact that his allegations of the action of the Magistrate are purely conclusory, his failure to allege that the summons did not provide the prescribed notice renders the petition fatally defective
Accordingly, in the absence of any proof or contention to the contrary, it is held that the summons contained the warning as provided by section 335-a; and therefore, whether or not the Police Justice gave the oral warning provided in said section is immaterial. Petition dismissed.