OPINION OF THE COURT
Donald G. Purple, Jr., J.
The petitioner has petitioned this court for an order directing the Town Justice of the Town of Campbell, Kenneth W. Shepard, to appoint assigned counsel for the petitioner. The petitioner is charged in the Justice Court of the Town of Campbell with the violation of trespassing and harassment. Trespassing is a violation of section 140.05 of the Penal Law and is punishable by a term of imprisonment up to 15 days pursuant to subdivision 4 of section 70.15 of the Penal Law. Harassment is also a violation under section 240.25 of the Penal Law. The petitioner is indigent and is presently a recipient of public assistance. The Justice of the Peace appeared before the court and testified under oath that at the time of the defendant’s adjourned arraignment, he notified the petitioner that in the event of a conviction on either of the violations charged, he would not receive a term of imprisonment.
CPL 170.10 reads as follows:
"1. Following the filing with a local criminal court of an information, a simplified traffic information, a prosecutor’s information upon a misdemeanor complaint, the defendant must be arraigned thereon * * *
"3. The defendant has the right to the aid of counsel at the arraignment and at every subsequent stage of the action. If he appears upon such arraignment without counsel, he has the following rights * * *
"(c) To have counsel assigned by the court if he is finan-
*183 cially unable to obtain the same; except that this paragraph does not apply where the accusatory instrument charges a traffic infraction or infractions only.”
Section 55.10 of the Penal Law defines felonies, misdemeanors, violations and traffic infractions. As noted, the statute exempts traffic infractions from the requirement of assigned counsel but makes no mention of a violation which is punishable by up to 15 days in jail.
In Argersinger v Hamlin (407 US 25), the United States Supreme Court indicated that a defendant may not be sentenced to a term of incarceration unless he is represented by counsel or knowingly waives counsel, and if unable to be represented by counsel of his choosing by reason of his indigency, he must be represented by assigned counsel. The Argersinger v Hamlin case, however, does indicate that in minor matters, the defendant is not necessarily entitled to assigned counsel if there is no possibility of incarceration.
The court finds that regardless of the Argersinger case, the statute, CPL 170.10 (subd 3, par [c]), requires the assignment of counsel when the defendant is charged with a violation, and thus provides the defendant with the right to assigned counsel in situations that are not mandatory under the Argersinger ruling.
Furthermore, for the edification of the local Justices, the court also directs that pursuant to the ruling in Argersinger v Hamlin (supra), even in traffic infraction cases, if there is a possibility of a sentence of imprisonment which is not waived by the Justice, the defendant would be entitled to assigned counsel, absent his waiver of counsel.
Therefore, the application of the petitioner for assigned counsel is hereby granted and directs the respondent to make application through the Steuben County administrator of the assigned counsel plan for assignment of counsel to the petitioner. Pending the assignment of counsel, all further proceedings in the Town Court are hereby stayed.