OPINION OF THE COURT
Jo Ann Friia, J.
Defendant moves pursuant to CPL 440.10 (1) (h) for an order vacating a judgment rendered on January 11, 2002 convicting him of speeding in violation of Vehicle and Traffic Law § 1180 (d) and imposing a fine of $75. It is defendant’s contention that *574 the conviction was obtained in violation of his rights under the Constitution.
Criminal Procedure Law § 170.10 (4) (b) provides that where a traffic infraction is charged, the court must inform the defendant “that a judgment of conviction for such offense would in addition to subjecting the defendant to the sentence provided therefor render his license to drive a motor vehicle and his certificate of registration subject to suspension and revocation as prescribed by law and that a plea of guilty to such offense constitutes a conviction thereof to the same extent as a verdict of guilty after trial.” (See also, Vehicle and Traffic Law § 1807 [1].)
A review of the record shows that defendant was not informed of the above. As a result of defendant’s conviction, the New York State Department of Motor Vehicles issued an order revoking his driver’s license based upon three convictions for speeding within an 18-month period.
It is defendant’s contention that absent such compliance with CPL 170.10 (4) (b), his conviction was a nullity. Missing, however, from defendant’s analysis is any reference to either CPL 170.10 (5) or Vehicle and Traffic Law § 1807 which states that the giving of such information in a printed statement on a summons or ticket shall constitute compliance with the requirements of CPL 170.10 (4) (b).
Reading the traffic ticket issued to defendant in this case indicates that the information referred to above was in fact set forth in bold 12 point type as required by law {see, Vehicle and Traffic Law § 1807). Accordingly, the court was not required to recite this information to the defendant prior to acceptance of his guilty plea (see, People v Hyman, 81 Misc 2d 858 [Crim Ct, Kings County 1975]; but cf., People v Woodard, 188 Misc 2d 7 [Just Ct, Nassau County 2001]).
In addition, it should be noted that revocation of defendant’s license to operate a motor vehicle was a collateral consequence of his conviction (see, Moore v Hinton, 513 F2d 781 [5th Cir 1975]). Therefore, it would appear that the court was under no duty to advise defendant of same (see e.g., People v Ford, 86 NY2d 397 [1995]).
Next, it is argued that the conviction for speeding was obtained in violation of defendant’s right to counsel. It is well settled that there is no constitutional requirement that a defendant have the benefit of counsel in the prosecution of a traffic infraction (see, People v Letterio, 16 NY2d 307 [1965]; People *575 v Russo, 149 AD2d 255 [2d Dept 1989]). However, if a defendant is subject to possible imprisonment, he or she must be advised of their right to counsel and to have counsel assigned where the defendant is financially unable to obtain same (see, People v Weinstock, 80 Misc 2d 510 [App Term, 2d Dept 1974]; Matter of Davis v Shepard, 92 Misc 2d 181 [Sup Ct, Steuben County 1977]; cf, CPL 170.10 [3] [c]).
This Judge has reviewed the certified transcript of the minutes taken during the plea before a colleague of the court. It is uncontested that defendant was not advised of his “right to the aid of counsel” at every stage of the proceeding (see, CPL 170.10 [3], [4] [a]). The Appellate Term in this District has held that a failure to inform a defendant charged with speeding under Vehicle and Traffic Law § 1180 (b) of his or her rights as set forth in CPL 170.10 (3) is reversible error (see, People v Johnson, NYLJ, July 15, 1996, at 25, col 5 [App Term, 9th & 10th Jud Dists]; see also, People v Warcup, 285 App Div 1077 [2d Dept 1955]; People v Miller, 2 Misc 2d 782 [Nassau County Ct 1956]; cf., People v Felberhaum, 9 NY2d 213 [1961]). This rule of law appears to be compulsory irrespective of the sentence involved (see, e.g., People v Ross, 67 NY2d 321 [1986]; People v Van Florcke, 120 Misc 2d 273 [App Term, 9th & 10th Jud Dists 1983]).
But for a statutory mandate to the contrary, the court would be inclined to vacate the judgment of conviction, permit defendant to withdraw his previously entered plea of guilty and restore the matter to the trial calendar for further proceedings. Nonetheless, sufficient facts appearing in the record to have permitted appellate review, defendant is procedurally barred from obtaining the relief he has requested (CPL 440.10 [2] [c]; People v Cooks, 67 NY2d 100 [1986]).
Defendant also seeks an order vacating the judgment in the interests of justice. Specifically, defendant asserts that revocation of his driver’s license will deprive him of the ability to continue earning a living as a commercial driver and thus result in extreme hardship for both defendant and his family.
The Court of Appeals has long recognized that the Legislature intended by such revocation “to remove from the roads of our State drivers who, by their conduct, have been found to have repeatedly placed their own personal interests above those of the rest of the citizenry” (see, Matter of Horodner v Fisher, 38 NY2d 680, 685 [1976]). Accordingly, the court finds that it would not be in the interests of justice to contravene this legislative intent by vacating defendant’s judgment of conviction based merely upon financial hardship.
*576 In any event, there is no statutory authority in New York to grant such postjudgment relief under CPL 440.10 on either “equitable grounds” or in the “interests of justice” (see e.g., People v Agero, 234 AD2d 94 [1st Dept 1996]; People v Felman, 137 AD2d 341 [3d Dept 1988] [concurring op]; see also, People v Reyati, 254 AD2d 199 [1st Dept 1998] [judgment of conviction may only be vacated upon a legal ground specified in CPL 440.10]; People v Cooks, 113 AD2d 975 [3d Dept 1985] [a motion to vacate a judgment must be based upon one of the grounds enumerated in CPL 440.10]).
Motion denied.