*558 OPINION OF THE COURT
Thomas F. Liotti, J.
The defendant was issued three summons by the Nassau County Police Department on October 6, 2005: violating the speed limit, not wearing a seat belt, and failure to produce proof of valid insurance. Arraignment was scheduled for December 7, 2005 but the defendant failed to appear. On December 8, 2005, the Village issued a warning letter to the defendant, with a rescheduled arraignment date. On January 4, 2006, the defendant again did not appear at the rescheduled arraignment, and his license was suspended. The defendant then came to the Justice Court and requested a new arraignment date of May 3, 2006, for which he again did not appear. The defendant then requested a new date of June 7, 2006, for which he again did not appear. Notice was sent to the defendant on May 29, 2007, setting a new arraignment date of June 6, 2007, at which the defendant again failed to appear. The defendant again requested a new arraignment date of July 19, 2007, for which he did appear, was arraigned, and entered a plea of “not guilty.” On September 5, 2007 the defendant requested a trial. On November 27, 2007, the trial date was set for December 12, 2007. On December 12, 2007, the defendant failed to appear and was tried in absentia. The defendant received fines totaling $1,960 and two consecutive 15-day sentences in jail. On December 13, 2007, notice was sent to the defendant. On December 20, 2007, the court advised the defendant to file a motion to vacate the conviction by January 10, 2008. The defendant filed his motion to vacate one day late, on January 11, 2008. On January 17, 2008, the court notified the defendant that the motion to vacate was filed late, but would nonetheless be considered. The defendant now appears, pro se, in order to attempt to vacate his conviction and sentence. (See CPL 440.10.) He has filed a handwritten motion in that regard, which is opposed by the prosecution.
On the date scheduled for trial, the police officer appeared and the defendant failed to appear. After going over the notices provided to the defendant concerning the trial and his record of appearances on previous dates, the court conducted a trial in absentia of the defendant. It imposed a sentence thereon.
The court notes that the defendant has not provided an excuse for his nonappearance on the trial date. In fact, he specifically requested the trial date. Had the defendant provided an excuse such as, for example, a medical letter, the court would have *559 been inclined to grant an adjournment or to vacate the conviction and sentence which it has imposed. Sadly, that is not the case. This court believes that the only reason that the defendant has appeared in this matter now, postconviction, is because he has been convicted.
When a defendant is represented by counsel and is absent, he is deemed to have delegated to counsel decisions regarding discharge and substitutions of jurors during deliberations. (See People v Cannady, 127 Misc 2d 783 [Sup Ct 1985], affd 138 AD2d 616 [2d Dept 1988], Iv denied 71 NY2d 1024 [1988].) The defendant’s right to be present during a trial cannot be waived by defense counsel. (People v Pegeise, 195 AD2d 337 [1st Dept 1993].)
Generally, a defendant has the right to be in court for both pretrial and trial proceedings, and a court may proceed in the defendant’s absence with minor, ministerial matters only. (See People v Buxton, 192 AD2d 289 [2d Dept 1993].)
A defendant may waive the right to be present at trial. (People v Davis, 194 AD2d 437 [1st Dept 1993].) Before a waiver will be valid, the defendant must be informed on the record that the trial will proceed if he/she does not appear. These have been referred to as “Parker” warnings in criminal justice parlance. (See People v Parker, 57 NY2d 136 [1982].)
The requirements of Parker warnings as a precedent to a valid waiver of a defendant’s right to be present for trial applies not only to felonies but to misdemeanors (CPL 340.50; see People v Trended, 61 NY2d 728 [1984]) and to juvenile delinquency cases. (Matter of Hand, 129 Misc 2d 810 [Fam Ct 1985].) This court could find no legal precedent determining whether Parker warnings are required in violation cases where a defendant may be subject to a substantial fine, points on his license and up to 15 days in jail.
Even when Parker warnings have been given, it has been determined that a defendant’s failure to appear for trial does not automatically authorize a trial in absentia. Instead, the court must consider whether a defendant can be located within a reasonable period of time. (See People v Amato, 172 AD2d 545 [2d Dept 1991] [the difficulty of rescheduling the trial and the possibility that evidence will be lost or witnesses disappear if the trial is put off to locate the defendant].)
This court finds that Parker warnings are required in violation cases and that this Village Justice and this court were *560 required to give them prior to proceeding with a trial. This court has erred and on the defendant’s motion now vacates his conviction and sentence and restores this case to the court’s calendar status quo ante. (See also People v Woodard, 188 Misc 2d 7 [2001], cited in People v Forbes, 191 Misc 2d 573 [White Plains City Ct 2002].)
In the future, this court will endeavor to inform defendants of their rights to be present during trial and that if they fail to appear a trial may occur in their absence. Where this is done and the court has otherwise satisfied the procedures as outlined in People v Amato (supra), trials and sentencings in absentia may indeed occur. Otherwise, they will not.