The People of the State of New York, Respondent, 
against
Joel Sarant, Appellant.




Joel Sarant, appellant pro se.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Suffolk County Traffic and Parking Violations Agency (John Andrew Kay, J.H.O.), rendered September 12, 2016. The judgment convicted defendant, after a nonjury trial, of speeding and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
By simplified traffic information dated November 16, 2015, defendant was charged with speeding, in that, at 2:56 p.m. on November 16, 2015, he had driven on the Long Island Expressway east of Exit 55 in the Town of Smithtown at a speed of 96 miles per hour in a 55 miles per hour speed zone. In a supporting deposition, also dated November 16, 2015, a Suffolk County police officer indicated that defendant had been driving a black 2013 BMW, that the charge was based on his direct observation, and that defendant's speed was verified by a "Tru-Speed" laser device. A CPL 710.30 notice indicated that defendant substantially had stated to the officer that "there was a truck with debris falling out, I didn't want to have my windshield damage[d]."
It is undisputed that defendant appeared pro se at the Suffolk County Traffic and Parking Violations Agency (SCTPVA) on December 15, 2015, at which time the matter was adjourned for defendant to consider obtaining counsel. It is further undisputed that, on the adjourned date, January 5, 2016, defendant agreed to plead guilty to a charge of driving at 86 miles per hour on the Long Island Expressway, which would result in fewer points being assessed on his license (8 points instead of 11 points). Defendant was fined $300, and a $55 Suffolk County administrative fee and an $88 New York State surcharge were also assessed. Defendant filed an appeal from the judgment. SCTPVA subsequently agreed to vacate the judgment and the plea, and the matter was set down for a trial.
The SCTPVA provided defendant with a written notice, dated August 10, 2016, indicating that defendant must appear on the trial date of August 29, 2016. The notice, in pertinent part, informed defendant that a trial would proceed in his absence if he failed to answer when his case was called. It is undisputed that defendant's trial was adjourned to September 12, [*2]2016, that defendant was at the SCTPVA during the morning of September 12, 2016, and that defendant was tried and convicted in absentia on that day. A $600 fine, a $55 administrative fee, and a mandatory surcharge of $88 were imposed, and defendant's driving privileges were suspended for 90 days.
Defendant has filed a nine-page affidavit of errors, which raises no issue with respect to the accusatory instrument or the sentence imposed, and only a conclusory claim that he was improperly convicted. Instead, he raises matters which are dehors the record. In his brief on appeal, he makes numerous claims which are not referred to in the court's return, and, thus, cannot be adjudicated by this court. Defendant, if he be so advised, may make a motion before the SCTPVA to vacate the judgment of conviction pursuant to CPL 440.10 (see People v Capraro, 51 Misc 3d 1212[A], 2016 NY Slip Op 50633[U] [Mount Vernon City Court 2016]; People v Forbes, 191 Misc 2d 573 [White Plains City Court 2002]).
Accordingly, the judgment of conviction is affirmed.
MARANO, P.J., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 30, 2018