■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL WOODWARD, Appellant.—Judgment, Supreme Court, New York County (George Roberts, J.), rendered May 14, 1985, convicting defendant of criminal possession of a controlled substance in the fifth degree and sentencing him to a 2-to-4-year prison term, unanimously affirmed.

When this appeal was first submitted to this court, assigned counsel filed an *Anders/Saunders* brief. Counsel's motion to withdraw was denied because the record revealed that the defendant, prior to sentencing, had moved before the trial court to withdraw his guilty plea on the ground that the original plea was conditioned on there not being a suppression

issue and that a search and seizure issue did exist. Justice Herbert Altman denied this motion in a written opinion.

The *Saunders* motion was denied because the brief made no reference to the denial of this motion as a possible substantive issue of appeal. Finding that a *Saunders* disposition was inappropriate under such circumstances, counsel was directed to "investigate this possible appellate issue and file a supplemental brief addressing the matter and determining whether it presents any nonfrivolous issues that should be considered on appeal" (145 AD2d 364).

Counsel has now filed a brief arguing the merits of the suppression issue and arguing that defendant's motion to withdraw the plea should have been granted. Upon review of the record, we find these points to be without merit and the judgment should be affirmed.

On February 11, 1981, defendant was sitting in a parked car in Harlem, with a quantity of heroin and six jars of lactose, a substance used for "cutting" drugs, openly displayed on the seat of the car in view of police officers patroling the area. Defendant was also found to possess 1½ ounces of heroin on his person. As defendant was being placed under arrest, he struck one of the police officers.

Defendant was indicted for one count of criminal possession of a controlled substance in the third degree and resisting arrest on March 26, 1981. Defendant was arraigned on May 14, 1981, and the case was adjourned until June 24, 1981 and then further adjourned until July 7, 1981, marked "Final", for motions to be filed. Despite this opportunity, defendant never filed a suppression motion.

On September 18, 1981, defendant appeared before Justice George Roberts and offered to plead guilty to a reduced charge of criminal possession of a controlled substance in the fifth degree to cover the entire indictment.

After a discussion of defendant's prior record and of his alleged need for heart surgery, the following colloquy took place:

"THE COURT: All Right. Good Enough.

"MS. HARTSFIELD [defendant's attorney]: Is there a search issue in this case? I believe Ms. Rumbel was going to submit papers on it.

"THE COURT: All right. What is your application on this? He faces a minimum of 4½ to 9 years. He faces a minimum on the B. You want the D or not. [Off the record.]

"THE COURT: All right. What is your application.

"MS. HARTSFIELD: Yes, your honor. Subject to our finding out that there are no issues, my client wishes to enter a plea of guilty to 220.06, D Felony, in full satisfaction of the indictment. Therefore, the plea as I stated before, he is entering this plea.

"THE COURT: You are telling me that you have no prior convictions other than the one where you were placed on probation?

"THE DEFENDANT: Yes Sir.

"THE COURT: Allright, I will accept that plea under the circumstances, provided, of course, that there [have] been no misrepresentations made with respect to your client's criminal record, do you understand?

"MS. HARTSFIELD: Yes."

Thereafter the court conducted the standard allocution, in which defendant acknowledged that he was giving up his right to a jury trial, that no one threatened or coerced him to plead guilty or promised him anything other than that he would receive the minimum sentence of 2 to 4 years, and that the crime he was pleading to carried a possible maximum of seven years. Defendant then admitted the facts of his crime.

In response to defendant's request that he be released on parole in order to undergo surgery the next week, the court paroled defendant but reminded him that he had an obligation to appear for sentencing. However, defendant absconded. The case appeared on the calendar on three subsequent occasions, and at no time did defense counsel move to vacate the plea. Finally, a warrant was issued, and defendant was not apprehended for more than two years after its issuance.

On January 3, 1985, represented by new counsel, defendant moved to withdraw the guilty plea, claiming that he was induced to plead guilty by the court's "promise" to vacate the plea in the event that an issue about the legality of the search and seizure was ever found. In an affirmation by counsel, it was claimed that "defendant has informed me" that he had been standing by his parked car with several other people when a police officer "retained" him and forcibly searched him, and that then the police officers searched his car and found a bag of drugs under the front seat. In the motion, counsel also argued that the plea should be vacated because defendant did not understand the charge to which he was pleading guilty.

The motion was submitted to Justice Herbert Altman, who denied it in a written opinion dated May 14, 1985. Citing the

various court appearances that transpired before defendant absconded, at which defendant never attempted to raise any suppression issue and at which defendant never sought to withdraw the plea, Justice Altman found that the court was available at all times to entertain such an application. Justice Altman also found that "it is disingenuous of him to argue that he is entitled to withdraw his plea, after jumping bail for a period in excess of two years, because of the existence of a suppression issue. * * * I find that by the passage of time the defendant has waived his right to raise a suppression issue. The plea minutes clearly demonstrate that defendant was aware that he was, in fact, pleading guilty."

Despite the fact that defendant had absconded, he was still sentenced to the originally promised 2-to-4-year term.

The court appropriately exercised its discretion in denying defendant's motion to withdraw the guilty plea. There is a need for finality which must be accorded dispositions by guilty pleas in order to secure the acknowledged benefits of the procedure. A guilty plea will be set aside if found to be induced by an unfulfilled promise, but the burden is on the defendant to place the promise on the record in unmistakeable terms. (E.g., People v Frederick, 45 NY2d 520.) Here, there is no unequivocal representation of a promise in the plea minutes. At the beginning of the colloguy, defense counsel asked the court "[i]s there a search issue in this case?" She stated that she believed another member of the Legal Aid office had intended to submit papers. However, an off-the-record conference ensued, which apparently clarified the matter. At the conclusion of the conference, defense counsel stated "subject to [me] finding out that there are no issues, my client wishes to enter a plea of guilty". Immediately thereafter, Justice Roberts accepted the plea, and defendant confirmed that no promises had been made, except regarding the sentence to be imposed. There is no indication from this record that the court accepted the guilty plea "conditioned" upon any "promise" that the plea could be reopened at some unidentified point later on if defendant chose to make a suppression motion. To the contrary, the record is clear that the court made no promises in this regard, and defendant cannot be heard at this later date to vacate the plea on the basis of an "unfulfilled" promise.

Furthermore, a suppression motion was clearly untimely, and waived under these circumstances. Defendant was arraigned on May 14, 1981 and he had 45 days thereafter to make a suppression motion (CPL 255.20, 710.40). Indeed, the

case was adjourned until June 24 for the purpose of making any such motions, and then again until July 7, marked "Final". No suppression motion was made on either of these dates, nor was any motion made at any of the subsequent court dates throughout 1981, and it cannot be said that defendant was deprived of an opportunity to make such a motion.

To be sure, because of the constitutional magnitude of the Fourth Amendment issue, great flexibility is afforded a criminal defendant in extending the time to make a suppression motion. An extension will be granted for good cause shown, as for example where a defendant did not have a reasonable opportunity to make the motion, or where a defendant was unaware of the facts forming the basis of the motion. Here, as related in the 1985 affirmation of counsel, defendant was fully aware of the facts at the very time of his arrest, when he claimed that the police officer impermissibly searched him and his car. Certainly, defendant had a full opportunity to make a motion based on these facts, and he never availed himself of that opportunity.

Finally, defendant absconded for a period of over two years. There is authority for the proposition that by absconding defendant waived his right to make the suppression motion *(People v Davis,* 99 Misc 2d 844; *People v Hayes,* 92 Misc 2d 35). Here, not only did defendant abscond, but he also failed to raise the suppression issue despite various opportunities to do so before he absconded.

Accordingly, the guilty plea should stand and the judgment should be affirmed. Concur—Kupferman, J. P., Sullivan, Milonas and Ellerin, JJ.