■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLENY AGERO, Appellant. [651 NYS2d 430] —Order, Supreme Court, New York County (Ira Beal, J.), entered on or about October 9, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of the same court and Justice, rendered June 14, 1988, convicting her, upon her plea of guilty, of criminal sale of a controlled substance in the second degree, unanimously affirmed.

Defendant is not entitled to a writ of *coram nobis audita querela* "to obtain 'relief against a judgment or execution because of some defense or discharge arising subsequent to the

rendition of the judgment' " (*United States v Johnson,* 962 F2d 579, 582), due to a subsequent change in Federal law that effectively barred her from seeking a waiver of deportability. Since deportation is a collateral consequence of defendant's criminal conviction and not within the control of the court system (*People v Ford,* 86 NY2d 397, 403), defendant has not been deprived of due process of law. Nor is there any authority in New York to grant such relief on equitable grounds (CPL 440.10). In any event, we would find no basis upon which to disturb this conviction. Concur—Milonas, J. P., Ellerin, Rubin, Kupferman and Nardelli, JJ.