■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BASSAM REYATI, Appellant. [681 NYS2d 231] —Orders, Supreme Court, New York County (Carol Berkman, J.), entered Decem-

ber 8, 1997 and February 17, 1998, which denied defendant's motions to vacate the judgment, same court (Harold Rothwax, J.), rendered October 16, 1996, convicting him, upon his plea of guilty, of hindering prosecution in the second degree, and sentencing him to a term of 5 years probation and a $1,000 fine, unanimously affirmed.

Defendant's motions were properly denied. The court's promise to allow defendant to "withdraw his plea" in the event of adverse immigration consequences was of necessity limited to the period prior to sentencing (CPL 220.60). Subsequent to sentencing, a plea may not be withdrawn, and a judgment of conviction may only be vacated upon a legal ground specified in CPL 440.10 (1). Since defendant bears the burden of placing on the record the exact nature of the promise (*People v Woodward*, 156 AD2d 225, 228, *lv denied* 75 NY2d 926), his failure to record, either during the plea or sentencing, the purported understanding that the promise was to survive the judgment defeats his present claim of involuntariness. Since the sentencing court adhered to the promises made at the plea, defendant is not entitled to have his conviction vacated (*People v Cataldo*, 39 NY2d 578). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Andrias, JJ.