■ The People of the State of New York, Respondent, v Bao Lin Xue, Appellant. [815 NYS2d 566]—

Judgments, Supreme Court, New York County (Charles H. Solomon, J.), rendered May 18, 2004, convicting defendant, upon his plea of guilty, of two counts of burglary in the second degree, and sentencing him to concurrent terms of 3¹/₂ years, and order, same court and Justice, entered on or about May 24, 2005, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]), and the court properly denied, without a hearing, his CPL 440.10 motion claiming ineffective assistance (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Even assuming the truth of defendant's assertion that his attorney misadvised him that his plea would not result in deportation, that allegation was insufficient to establish ineffective assistance, because defendant never claimed that he would have gone to trial had he known the plea's immigration consequences. Furthermore, given the overwhelming strength of the People's case, in which the police observed one burglary and defendant confessed to six more, including one in a dwelling from which his fingerprints were recovered, there is no reasonable probability that defendant would have insisted on going to trial but for counsel's alleged mistake in affirmatively misrepresenting the immigration consequences of the plea (*see People v McDonald*, 1 NY3d 109 [2003]; *see also Hill v Lockhart*, 474 US 52 [1985]). We note that conviction of even one of these crimes would have led to deportation. Defendant's other ineffective assistance claims are without merit. Counsel pursued a proper strategy by negotiating a very favorable disposition, rather than litigating any suppression or other issues.

After receiving defendant's prepleading memorandum setting forth mitigating factors, the court properly exercised its discretion when it denied youthful offender treatment in this case involving seven residential burglaries. We note that defendant pleaded guilty even after being made aware that he would not be sentenced as a youthful offender. Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.