■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROGELIO HOLDER, Appellant. [820 NYS2d 795]—

Judgment, Supreme Court, New York County (Ira Beal, J., at plea; Herbert Adlerberg, J., at sentence), rendered July 28, 1999, convicting defendant, upon his plea of guilty, of attempted burglary in the second degree, and sentencing him to a term of two years, and order, same court (Arlene R. Silverman, J.), entered on or about March 3, 2005, which granted defendant's motion to reargue his prior CPL 440.10 motion to vacate the judgment, and, upon reargument, adhered to its original decision denying the motion, unanimously affirmed.

On the record before the court, defendant received effective assistance of counsel under the state and federal standards (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]). The motion court properly denied, without a hearing, his CPL 440.10 motion claiming ineffective assistance (*see People v Satterfield*, 66 NY2d 796, 799-800 [1985]). Even assuming the truth of defendant's assertion that his attorney failed to advise him that his plea would result in deportation, such failure does not constitute ineffective assistance of counsel (*see People v McDonald*, 1 NY3d 109, 114 [2003], citing *People v Ford*, 86 NY2d at 404). Unlike *McDonald*, defendant makes no claim that counsel provided incorrect advice. We have considered and rejected defendant's remaining arguments concerning this issue.

Defendant's mandatory minimum sentence is not unconstitutional (*see People v Thompson*, 83 NY2d 477, 480 [1994]; *People v Broadie*, 37 NY2d 100 [1975], *cert denied* 423 US 950 [1975]). Concur—Mazzarelli, J.P., Sweeny, Catterson, McGuire and Malone, JJ.