OPINION OF THE COURT
Memorandum.
Order dated October 25, 2005, insofar as appealed from, reversed on the law and, upon reargument, matter remanded to the court below for a determination de novo of defendant’s motion to vacate the judgment of conviction following a hearing in accordance with the decision herein.
Appeal from the order dated August 23, 2005 dismissed.
The People appeal from an order dated August 23, 2005, which granted defendant’s motion, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction, and from so much of an order dated October 25, 2005 which, upon granting the People’s motion for reargument, adhered to the prior decision. Defendant, a native of Pakistan and a lawful permanent resident of the United States, alleged that he entered his guilty plea to sexual abuse in the second degree (Penal Law § 130.60 [2]), a misdemeanor, in reliance upon his trial counsel’s misrepresentations that the United States Government usually does not deport persons convicted of misdemeanors and that because defendant had been granted “asylum,” he would “not have a problem” with immigration authorities. The People do not dispute that the advice allegedly given to defendant was materially inaccurate in that defendant faces mandatory deportation upon a conviction of an offense involving the sexual abuse of a minor, an “aggravated felony” under federal deportation law, *86 even though classified a misdemeanor under New York State law (Immigration and Nationality Act § 101 [a] [43] [A] [8 USC § 1101 (a) (43) (A)]; § 237 [a] [2] [A] [iii] [8 USC § 1227 (a) (2) (A) (iii)]; United States v Couto, 311 F3d 179, 184 [2d Cir 2002]; Zhang v United States, 401 F Supp 2d 233, 241-242 [ED NY 2005]; see People v McKenzie, 4 AD3d 437, 439 [2004]). Defendant alleges that he would not have pleaded guilty to a deport-able offense absent such misinformation, thereby asserting a legal basis for the relief (CPL 440.30 [4] [a]; People v Van Deusen, 7 NY3d 744 [2006]; People v McDonald, 1 NY3d 109 [2003]; People v Bao Lin Xue, 30 AD3d 166 [2006]), in that trial counsel’s advice expressed so “inappropriate [a] level of expectation” regarding the likelihood of deportation (People v Gatien, 17 AD3d 101, 102 [2005]) as to fall below an objective standard of meaningful representation (People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]), and established “a prima facie showing of prejudice” (People v McDonald, 1 NY3d at 115).
As defendant’s allegations in support of the motion were neither conceded by the People to be true nor “conclusively substantiated by unquestionable documentary proof” (CPL 440.30 [3]), a hearing was necessary to permit the court to make the required “findings of fact essential to the determination thereof” (CPL 440.30 [5]; e.g. People v Santer, 30 AD3d 1129 [2006]; People v Nash, 273 AD2d 696, 698 [2000]), wherein “the defendant has the burden of proving by a preponderance of the evidence every fact essential to support the motion” (CPL 440.30 [6]). The court granted the motion in “the interests of justice,” without a hearing, on the ground that the People’s inability to produce the defendant from a federal facility in Louisiana, where he is confined pending deportation, violated defendant’s right to be personally present at the evidentiary hearing (CPL 440.30 [5]). The People appeal and we reverse.
A defendant has the right to attend every material stage of trial and all proceedings “ancillary” to a trial pursuant to CPL 260.20 (see People v Roman, 88 NY2d 18, 25 [1996]; People v Sloan, 79 NY2d 386, 391 [1992]; People v Horan, 290 AD2d 880, 883-884 [2002]). However, a hearing on a motion collaterally attacking a criminal court judgment is neither a material stage of trial nor is it ancillary to a trial (see CPL 1.20 [11], [15]). Although a defendant has a statutory right to be present at such a proceeding and to be produced for the hearing from his place of confinement if he or she does not waive that right (CPL 440.30 *87 [5]), a court’s authority to produce a defendant is limited to a person “confined in a prison or other institution of this state.” Defendant cannot insist on the exercise of that right as he is confined in a federal facility in Louisiana, beyond the authority of the courts of this state to produce him for the proceeding. The federal authorities rebuffed the People’s attempt to obtain defendant’s presence at the hearing. We note that there is no state court writ available to the People in the circumstances presented (cf. CPL 580.30 [1]; 650.30; e.g. People v Gonzalez, 235 AD2d 366 [1997]) and it is unclear whether defendant pursued remedies, if any, to be produced at the hearing (cf. 28 USC § 2241 [c] [5]; see e.g. Rangolan v County of Nassau, 370 F3d 239 [2d Cir 2004]; Atkins v City of New York, 856 F Supp 755 [1994]; In re Termination of Parental Rights to Idella W., 288 Wis 2d 504, 708 NW2d 698 [2005]; see also People v Hernandez, 137 AD2d 560 [1988] [noting defendant’s failure to employ a means to produce a defense witness in federal custody]). Finally, as “a judgment of conviction may only be vacated upon a legal ground specified in CPL 440.10 (1)” (People v Reyati, 254 AD2d 199, 200 [1998]), the court had no authority to grant the relief in the interest of justice (People v Agero, 234 AD2d 94, 95 [1996]).
The question is whether, should defendant not be produced, a CPL article 440 hearing may properly convene. There is no federal constitutional mandate that a defendant be present at a state court postconviction proceeding to determine whether a criminal conviction should be vacated (e.g. Oken v Warden, MSP, 233 F3d 86 [1st Cir 2000], cert denied sub nom. Oken v Merrill, 532 US 962 [2001]), but there remains a right to a proceeding that is fundamentally fair under constitutional guarantees (Pennsylvania v Finley, 481 US 551, 557 [1987]; cf. People v Richetti, 302 NY 290, 297 [1951] [“(a) ‘hearing’ contemplates the right to be present and to put forth one’s contentions by proof and argument”]). In our view, fundamental fairness is not violated per se by the fact that the defendant is not corporeally present, so long as he is afforded a fair opportunity to “put forth . . . [his] contentions by proof and argument” (id.) via, for example, the advocacy of counsel, defendant’s affidavit and/or recorded deposition. We will not suppose, a priori, that such an arrangement denies defendant a meaningful participation in the proceedings as a matter of law. Rather, the court and parties should make available to defendant all reasonable means to facilitate his participation. According to defendant’s new *88 counsel, the federal authority is willing to facilitate live defendant’s testimony at the hearing and consultation with counsel via a telephonic linkage. If it is defendant’s contention that the proceedings, on the facts and circumstances particular to this case, denied him a fundamentally fair proceeding, the remedy is an application for leave to appeal.
Accordingly, the order of October 25, 2005, insofar as appealed from, is reversed and, upon reargument, the matter is remanded to the court below for a determination de novo following a hearing in accordance with the decision herein.
The appeal from the order of August 23, 2005 is dismissed as superseded.
Rudolph, EJ., McCabe and Lippman, JJ., concur.