[844 NYS2d 63]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURI-
CIO ARGUETA, Appellant.

Second Department, October 9, 2007

## APPEARANCES OF COUNSEL

*Kerry Sloane Bassett*, Central Islip, for appellant.

Kathleen M. Rice, District Attorney, Mineola (*Robert A. Schwartz* and *Sarah Spatt* of counsel), for respondent.

## OPINION OF THE COURT

SCHMIDT, J.P.

The sole issue presented on this appeal is whether the defendant was denied the effective assistance of counsel when he was advised that deportation was a possible consequence of his plea of guilty, under circumstances where it was virtually certain that he would be deported following his conviction. The facts are undisputed.

The defendant, Mauricio Argueta, is a native of El Salvador who lawfully entered the United States as a permanent resident alien in 1987. On September 9, 2002, the defendant was charged with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree; one count of each was subsequently dismissed by the court. On May 7, 2003, the defendant pleaded guilty to a reduced and amended charge of attempted criminal possession of a controlled substance in the fifth degree, a class E felony. The defendant admitted the content of a prior felony statement, according to which on December 15, 1994, he had been convicted of criminal sale of a controlled substance in the third degree, a class B felony, upon his plea of guilty, for which he received a sentence of 1 to 3 years imprisonment.

Pursuant to the plea agreement, the defendant was sentenced on June 23, 2003, as a second felony offender, to a term of 1½ to 3 years imprisonment. In June 2003, the U.S. Immigration and Customs Enforcement agency lodged an immigration warrant against him, and he was transferred to federal custody.

The defendant retained new counsel and moved, in the County Court, Nassau County, to vacate the judgment of convic-

tion pursuant to CPL 440.10 on the ground of ineffective assistance of trial counsel. In support of his motion, the defendant claimed that prior to his plea, his attorney misadvised him that deportation was a "possibility" as a result of the plea, but in fact, deportation was not merely a possibility, but mandatory under provisions of the Immigration and Nationality Act (8 USC § 1101 *et seq.* [hereinafter the INA]). He further claimed that had trial counsel informed him that he would definitely face deportation, he would have rejected the plea offer and demanded a trial. In the order appealed from, the County Court denied the motion without a hearing.

By decision and order on motion dated December 27, 2004, this Court granted the defendant's application for leave to appeal. The defendant once again argues that his plea should be vacated on the basis of ineffective assistance of counsel because his trial counsel had affirmatively misrepresented the deportation consequences of his plea of guilty by furnishing him with the incorrect advice that his deportation was "possible" rather than "certain" and therefore his plea was involuntary and unknowing. In advancing this argument, the defendant cites as authorities *United States v Pornes-Garcia* (171 F3d 142 [1999]) and *Matter of Elgendi* (23 I & N Dec 515 [2002]) for the proposition that a felony conviction for a state controlled substance offense may constitute an "aggravated felony," and automatic deportation within the meaning of the INA, regardless of whether the offense is classified under federal law as a felony or a misdemeanor.

Initially, we note that this argument no longer has merit in light of the recent decision of the United States Supreme Court in *Lopez v Gonzales* (549 US —, 127 S Ct 625 [2006]). There, the Supreme Court noted that mere cocaine possession is not considered a felony under the federal Controlled Substances Act, and, after reviewing the applicable statutes, held that a state felony conviction for possession of a controlled substance does not qualify as an "aggravated felony" as that term is defined in the INA (8 USC § 1101 [a] [43] [B]) when the corresponding federal crime would only constitute a misdemeanor (*see* 21 USC § 844 [a]). Thus the *Lopez* decision effectively overruled *United States v Pornes-Garcia* (171 F3d 142 [1999]) and *Matter of Elgendi* (23 I & N Dec 515 [2002]), the cases relied upon by the defendant in seeking the instant relief.

However, we assume for the purpose of this appeal, without necessarily deciding, that the crime to which the defendant

pleaded guilty in 2003 nonetheless constitutes an "aggravated felony" within the meaning of the INA by virtue of the fact that, as he admitted during the plea proceedings, the defendant previously had been convicted in 1994 of the crime of criminal sale of a controlled substance in the third degree so as to trigger the recidivist possession provisions of 21 USC § 844 (a). Under this provision, the mere possession of a controlled substance such as cocaine could constitute a federal felony where the defendant had been convicted previously of a deportable offense (*see Lopez v Gonzalez*, 549 US at — n 6, 127 S Ct at 630 n 6; *Berhe v Gonzales*, 464 F3d 74, 82 [2006], quoting *Amaral v I.N.S.*, 977 F2d 33, 34 [1992]). Thus, the defendant may in fact be guilty of an aggravated felony when, after his 1994 conviction had become final, he pleaded guilty to the instant offense. We conclude that even if the defendant was convicted of a crime that qualifies as an "aggravated felony" under federal immigration law, it would not follow that his plea was involuntary on the basis of ineffective assistance of counsel because his former attorney, who admittedly warned the defendant about potential deportation consequences, failed to advise the defendant that deportation was a virtual certainty.

There are no New York appellate cases which directly address the issue of whether a defendant is entitled to vacatur of his plea due to his counsel's failure to quantify the possibility or likelihood of deportation. In *People v Ford* (86 NY2d 397, 405 [1995]), the Court of Appeals held that the failure of a defense attorney to advise the defendant that a plea of guilty would expose the client to "the possibility of deportation does not constitute ineffective assistance of counsel." Generally, a plea of guilty will be considered involuntary when it is induced by the defendant's having been given false information concerning the direct, as opposed to the collateral, consequences of the plea. The court held that the immigration consequences of a plea were merely collateral, and thus there was no duty to advise the defendant that there was a possibility that his plea might result in deportation. The court noted that unlike a direct consequence, "one which has a definite, immediate and largely automatic effect on defendant's punishment" (*id.* at 403), deportation was collateral because it is particular to the defendant's circumstances and outside the control of the court. New York's Criminal Procedure Law is consistent with that holding. CPL 220.50 (7) directs the court to warn noncitizen defendants that their plea of guilty *may* subject them to deporta-

tion, but it specifically provides that the court's failure to provide such a warning does not undermine the voluntariness of a plea.

In *People v McDonald* (1 NY3d 109, 115 [2003]), the Court of Appeals held that a defendant may be entitled to postjudgment relief from a plea of guilty that had been entered in actual reliance on an affirmative misstatement by counsel to the effect that the defendant would not be subject to deportation because he was a long-term resident of the United States and his children were American citizens. The court concluded that this erroneous advice by counsel fell below an objective standard of reasonableness and may constitute ineffective assistance of counsel provided there was a reasonable probability that, but for the error, the defendant would not have pleaded guilty. Thus, the immigration consequences of a plea of guilty are collateral, and defense counsel's failure to inform a defendant of the deportation consequences of a plea does not constitute ineffective assistance of counsel, but an attorney's affirmative misrepresentation on that subject may fall below an objective standard of reasonableness (*id.*; *see People v McKenzie*, 4 AD3d 437 [2004]; *People v Sanchez-Martinez*, 35 AD3d 632 [2006]; *People v Grant*, 33 AD3d 935 [2006]; *People v Holder*, 32 AD3d 734 [2006]; *People v Baldares-Lima*, 29 AD3d 813 [2006]; *People v Hall*, 16 AD3d 848 [2005]; *People v Klein*, 11 AD3d 959 [2004]; *People v Michael*, 16 Misc 3d 84 [2007]). New York courts that have addressed this issue and most of the federal circuit courts continue to adhere to this rule despite the 1996 amendments to the INA that make deportation virtually mandatory upon a conviction for an aggravated felony. These cases hold that the automatic or almost automatic nature of deportation does not make deportation a direct rather than a collateral consequence of a plea of guilty (*see People v Agero*, 234 AD2d 94 [1996]; *People v DeJesus*, 12 Misc 3d 913 [2006]; *Resendiz v Kovensky*, 416 F3d 952 [2005]; *Broomes v Ashcroft*, 358 F3d 1251, 1256 [2004]; *El-Nobani v United States*, 287 F3d 417 [2002]; *United States v Amador-Leal*, 276 F3d 511 [2002]; *United States v Gonzalez*, 202 F3d 20 [2000]).

Here, relying solely on federal constitutional law, the defendant argues that trial counsel affirmatively misrepresented the immigration consequences of his plea by telling him that deportation was a possibility rather than a certainty. Contrary to the defendant's contentions, he was afforded meaningful representation under both the federal and state constitutions (*see*

US Const Amend VI; NY Const, art I, § 6; *Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]). Because "our state standard . . . offers greater protection than the federal test, we necessarily reject defendant's federal constitutional challenge by determining that he was not denied meaningful representation under the State Constitution" (*People v Caban*, 5 NY3d 143, 156 [2005]). " 'So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation,' a defendant's constitutional right to the effective assistance of counsel will have been met" (*People v Henry*, 95 NY2d 563, 565 [2000], quoting *People v Baldi*, 54 NY2d at 147). Based upon our review of the entire record, we conclude that the defendant received meaningful representation in that defense counsel did not incorrectly advise the defendant about the immigration consequences of the plea. There was no affirmative misrepresentation because counsel correctly apprised the defendant that he could be deported as a result of his plea of guilty. This was an accurate statement of the law and not misleading in light of the fact, that after being apprised that deportation was a distinct possibility, the defendant never requested any further information regarding the likelihood of being deported. Thus, the defendant failed to show that counsel's representation fell below the level of effective assistance.

Moreover, the New York cases provide that a defendant who is rendered deportable as the result of a plea of guilty entered in ignorance of the potential immigration consequences of the plea is not entitled to postjudgment relief on the ground that the plea was involuntary or on a theory that counsel was ineffective (*see People v Ford*, 86 NY2d 397 [1995]; *People v Felipe*, 15 Misc 3d 1124[A], 2007 NY Slip Op 50828[U] [2007]). We therefore consider it highly anomalous to hold, as the defendant would have us do, that such relief is available to a defendant who was admittedly warned that his plea had possible deportation consequences, but was not advised concerning the likelihood of deportation. The defendant's reliance on *People v McDonald* (1 NY3d 109 [2003]) and this Court's decision in *People v McKenzie* (4 AD3d 437 [2004]) is misplaced. In *People v McDonald*, defense counsel had incorrectly advised the defendant that he would not be deported when, in fact, deportation was mandatory. In *People v McKenzie*, defense counsel's performance

was deficient because he had affirmatively misled the defendant by erroneously advising him that he could avoid deportation if he pleaded guilty, did not get into any further legal trouble, and did not apply for citizenship or attempt to leave the country (*People v McKenzie*, 4 AD3d at 439). In *United States v Couto* (311 F3d 179 [2002]), the United States Court of Appeals for the Second Circuit vacated the defendant's plea upon a finding that she received ineffective assistance of counsel because her attorney affirmatively led her to believe that many things could be done to avoid deportation despite the fact that the plea of guilty meant virtually automatic and unavoidable deportation (*id.* at 184, 190). The court found this was an affirmative misrepresentation as to the deportation consequences of the plea and "objectively unreasonable" (*id.* at 188). Here, in contrast, counsel did not mislead the defendant since he unambiguously advised the defendant that deportation was a possible consequence of his plea.

Accordingly, the order is affirmed.

SANTUCCI, KRAUSMAN and BALKIN, JJ., concur.

Ordered that the order is affirmed.