*7 OPINION OF THE COURT
Memorandum.
, Order modified on the law by deleting the provision thereof denying so much of defendant’s motion to vacate the judgment of conviction as was based on the ground of ineffective assistance of counsel, and matter remanded for a determination de novo of said portion of defendant’s motion, following a hearing, in accordance with the decision herein; as so modified, affirmed.
In 1996, after the execution of a search warrant, defendant was charged, by felony complaint, with criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [4]) for allegedly possessing a quantity of concentrated cannabis. In December 1996, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and he was subsequently sentenced to three years’ probation and a $90 surcharge. Defendant did not move to withdraw his plea and did not file a notice of appeal from his judgment of conviction. Almost 10 years later, in November 2006, defendant moved to vacate the judgment of conviction, pursuant to CPL 440.10 (1) (a) and (h), on the grounds that the court below was without jurisdiction to accept his plea, and that he received the ineffective assistance of counsel because he was provided with incorrect advice regarding the immigration consequences of his guilty plea and because his defense counsel did not inform him that the felony charge was not supported by the laboratory report. The People opposed the motion. By order dated January 24, 2007, defendant’s motion was denied without a hearing. The instant appeal by defendant ensued.
Sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon an appeal from such judgment, adequate review of defendant’s contention that the felony charge was not supported by the laboratory report and that, therefore, the court was without jurisdiction to accept his plea. Since no appellate review or determination occurred due to defendant’s unjustifiable failure to take an appeal during the prescribed period, defendant’s motion to vacate the judgment of conviction on the ground of lack of jurisdiction was properly denied (see CPL 440.10 [2] [c]; People v Cuadrado, 37 AD3d 218, 221-222 [2007]).
Defendant further contends that the judgment of conviction should be vacated on the ground that he received the ineffective assistance of counsel because his defense counsel failed to *8 inform him that the felony complaint charging him with possessing concentrated cannabis was not supported by the laboratory report, which identified the substance seized as different from that set forth in the complaint, and that there was ample evidence that he did not “knowingly” possess a controlled substance.
When a defendant seeks to challenge the voluntary character of his guilty plea on the ground of ineffective assistance of counsel, he must, to be entitled to relief under the Federal Constitution, establish that defense counsel’s advice was not within the standard set forth in Strickland v Washington (466 US 668 [1984]), under which a “defendant must show that counsel’s performance was deficient . . . [and] that the deficient performance prejudiced the defense” (id. at 687). The first prong of the Strickland test requires a showing that counsel’s representation fell below an objective standard of reasonableness (id. at 687-688). The second prong, also known as the prejudice prong, “focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process” (Hill v Lockhart, 474 US 52, 59 [1985]). In order to satisfy the second prong, a “defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial” (id.).
To be entitled to relief under the New York State Constitution on the ground of ineffective assistance of counsel, a defendant must establish that his attorney did not provide him with meaningful representation (see People v Benevento, 91 NY2d 708, 713 [1998]; People v Baldi, 54 NY2d 137, 147 [1981]; People v Bao Lin Xue, 30 AD3d 166 [2006]). In the “context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt on the apparent effectiveness of counsel” (People v Ford, 86 NY2d 397, 404 [1995]).
We find that defendant’s allegation that he would not have pleaded guilty had he been informed of the contents of the laboratory report asserts a claim of ineffective assistance of counsel under both New York State and federal constitutional standards sufficient to constitute a legal basis for the relief requested (see CPL 440.10 [1] [h]; cf. CPL 440.30 [4] [a]). However, since the allegations in support of the motion were neither conceded by the People to be true nor “conclusively substantiated by unquestionable documentary proof’ (CPL 440.30 [3] [c]), in order for the court to make the required “findings of fact es *9 sentía! to the determination” of the motion (CPL 440.30 [5]), a hearing is necessary (see People v Michael, 16 Misc 3d 84 [App Term, 9th & 10th Jud Dists 2007]; see also People v McKenzie, 4 AD3d 437 [2004]). Accordingly, the Justice Court’s order is modified by deleting the provision thereof which denied so much of defendant’s motion as sought to vacate the judgment of conviction on the ground that he received the ineffective assistance of counsel, and the matter is remanded for a determination de novo, following an evidentiary hearing, of this portion of the motion limited solely to defendant’s claim that defense counsel failed to inform him that the felony complaint was not supported by the laboratory report.
Defendant asserts, as an additional basis for the vacatur of the judgment of conviction on ineffective assistance of counsel grounds, that the immigration attorney with whom he consulted during the pendency of the charges allegedly provided him with misinformation regarding the immigration consequences of his guilty plea. It has been held that a defense counsel’s affirmative misstatements with regard to the immigration consequences of a criminal conviction may cause the representation to fall below the federal objective standard of reasonableness (see People v McKenzie, 4 AD3d 437 [2004], supra; see also People v McDonald, 1 NY3d 109, 114 [2003]; People v Michael, 16 Misc 3d 84 [2007], supra). Defendant’s contention, however, has no merit under the circumstances presented since the immigration attorney was not the attorney of record herein, and no claim has been made that defense counsel made any affirmative misstatements to defendant regarding the immigration consequences of a criminal conviction.
Tanenbaum, J.E, Molía and Scheinkman, JJ., concur.