The People of the State of New York, Appellant,
against
Wilmer Bueso, Respondent. 




Orange County District Attorney (Andrew R. Kass of counsel), for appellant.
Talkin, Muccigrosso & Roberts, LLP (Mark R. Muccigrosso of counsel), for respondent.

Appeal from an order of the City Court of Port Jervis, Orange County (James M. Hendry, III, J.), entered January 18, 2019. The order granted, without a hearing, defendant's motion, pursuant to CPL 440.10, to vacate a judgment of that court rendered July 25, 2001, convicting defendant of endangering the welfare of a child, upon his plea of guilty.




ORDERED that the order is reversed, on the law, and the matter is remitted to the City Court for a new determination, following a hearing, of defendant's motion to vacate the judgment of conviction.
In 2001, defendant was convicted, upon his plea of guilty, of endangering the welfare of a child (Penal Law § 260.10). In March of 2018, defendant moved, pursuant to CPL 440.10 (1) (h), to vacate the judgment of conviction on the ground that, at the 2001 plea proceeding, his assigned attorney had misadvised him about the resulting deportation consequences of his plea. The People opposed the motion, contending that defendant was not eligible for the relief he was seeking. In an order entered January 18, 2019, the City Court, without a hearing, granted defendant's motion and vacated his judgment of conviction.[FN1]


We find that defendant's claim of ineffective assistance of counsel is sufficient to constitute a legal basis for the relief requested under both the United States and New York State constitutions (see US Const Amend VI; NY Const, art I, § 6) and that his motion papers were properly supported by sworn allegations of fact (see CPL 440.10 [1] [h]; 440.30 [3] [a], [b]; People v McDonald, 1 NY3d 109, 114-115 [2003]; People v McKenzie, 4 AD3d 437 [2004]). [*2]However, since the allegations in support of the motion were neither conceded by the People to be true nor "conclusively substantiated by unquestionable documentary proof" (CPL 440.30 [3] [c]), in order for the court to make the required "findings of fact essential to the determination" of the motion (CPL 440.30 [5]), a hearing was necessary (see McDonald, 1 NY3d at 114-115; People v Gonzalez, 176 AD3d 589 [2019]; People v Gaston, 163 AD3d 442 [2018]; McKenzie, 4 AD3d 437; People v Brown, 59 Misc 3d 143[A], 2018 NY Slip Op 50699[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]; People v Richards, 55 Misc 3d 148[A], 2017 NY Slip Op 50715[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2017]; People v Michael, 16 Misc 3d 84 [App Term, 2d Dept, 9th & 10th Jud Dists 2007]). 

Accordingly, the order is reversed and the matter is remitted to the City Court for a new determination, following a hearing, of defendant's motion to vacate the judgment of conviction.

TOLBERT, J.P., RUDERMAN and EMERSON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 30, 2020



Footnotes

Footnote 1: We note that the City Court's order failed to specify what the status of the action was upon the granting of defendant's motion to vacate the judgment of conviction (see CPL 440.10 [4]).