[802 NE2d 131, 769 NYS2d 781]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE McDONALD, Appellant.

Argued October 15, 2003; decided November 24, 2003

## POINTS OF COUNSEL

*New York State Defenders Association,* Albany (*Alfred O'Connor* of counsel), for appellant. Because defense counsel admittedly told appellant that he faced no risk of deportation by pleading guilty to felony charges when, in fact, the resulting convictions exposed him to mandatory deportation, appellant alleged a legal basis for relief on the ground of ineffective assistance of counsel. As neither the People nor the motion court identified a legitimate factual deficiency in his motion papers concerning the prejudice component of this constitutional claim, appellant has a right to a hearing to prove that his guilty plea was involuntarily induced by his lawyer's ineffective representation. (*United States v Amador-Leal,* 276 F3d 511; *United States v Graham,* 927 F Supp 619; *McMann v Richardson,* 397 US 759; *People v Claudio,* 83 NY2d 76; *Boria v Keane,* 99 F3d 492; *People v Droz,* 39 NY2d 457; *Boykin v Alabama,* 395 US 238; *North Carolina v Alford,* 400 US 25; *Hill v Lockhart,* 474 US 52; *Tollett v Henderson,* 411 US 258.)

*George M. Dentes, District Attorney,* Ithaca, for respondent. I. Defendant rests this appeal solely on federal constitutional grounds. (*People v Freeland,* 68 NY2d 699.) II. Having submitted no affidavit of his own in support of the postjudgment motion, and having failed to provide any sworn allegations of fact to demonstrate that he would not have pleaded guilty had he known the deportation consequences of his guilty plea, defendant failed to make even a prima facie showing of prejudice, thus justifying county court's summary denial of the motion. (*People v Brown,* 56 NY2d 242; *People v Satterfield,* 66 NY2d 796; *People v Crimmins,* 38 NY2d 407; *People v Friedgood,* 58 NY2d 467; *Strickland v Washington,* 466 US 668; *Hill v Lockhart,* 474 US 52; *People v Mendoza,* 82 NY2d 415; *People v Jones,* 95 NY2d 721; *People v Jackson,* 240 AD2d 946, 90 NY2d 940; *People v Herring,* 83 NY2d 780.) III. The court below applied the appropriate standard. (*Hill v Lockhart,* 474 US 52.) IV. The People preserved their argument concerning lack of prejudice,

but in any event, the rule of preservation does not apply against the People in the present procedural posture. Defendant, on the other hand, has failed to preserve his argument for appeal. (*Strickland v Washington,* 466 US 668; *People v Nieves,* 67 NY2d 125; *Sega v State of New York,* 60 NY2d 183; *Hill v Lockhart,* 474 US 52; *People v Baldi,* 54 NY2d 137; *People v Ford,* 86 NY2d 397.) V. If defendant prevails in his arguments, the matter should be remanded for an evidentiary hearing. (*People v Krawitz,* 151 AD2d 850.)

## OPINION OF THE COURT

CIPARICK, J.

This appeal raises the question whether, under certain circumstances, a defense counsel's incorrect advice as to deportation consequences of a plea may constitute ineffective assistance of counsel. We answer in the affirmative but conclude that in the instant case—where defendant has failed to make the requisite showing of prejudice due to counsel's incorrect advice—defendant was not deprived of the effective assistance of counsel under the Federal Constitution.

I.

Defendant Bruce McDonald came to the United States from Jamaica and has apparently been a lawful permanent resident of the United States for over 20 years. While in the United States, defendant had three children, all American citizens by birth. His wife is also an American citizen.

In April 1999, an undercover officer of the New York State Police made two controlled buys of marihuana from defendant at a university cafeteria where he was employed. On May 4, 1999, a sealed indictment was filed against defendant in connection with those transactions and he was arrested the following day. During the execution of a search warrant, the police discovered one-third ounce of cocaine, 9.4 ounces of marihuana and an electric scale in defendant's apartment. Thereafter, a superseding eight count indictment was filed against defendant for criminal sale of marihuana in the third degree and criminal possession of marihuana in the fifth degree on both April 26, 1999 and April 28, 1999, and criminal possession of a controlled substance in the third and fourth degrees, criminal use of drug paraphernalia in the second degree and criminal possession of marihuana in the third degree on May 5, 1999.

With the advice of counsel, defendant pleaded guilty to criminal sale of marihuana in the third degree and criminal posses-

sion of a controlled substance in the third degree in full satisfaction of all charges. He was sentenced, in accordance with his plea agreement, to concurrent indeterminate prison terms of 1 to 3 years.[1] The next day, the United States Immigration and Naturalization Service (INS) served defendant with a notice of hearing of deportation based on his conviction for aggravated felonies pursuant to, among other statutory provisions, 8 USC §§ 1101 (a) (43) (B), 1227 (a) (2) (A) (iii) and 1229 (b).

Approximately seven weeks later, defendant's trial counsel moved on defendant's behalf to vacate the judgment of conviction under CPL 440.10 (1) (h), contending that defendant had been denied effective assistance of counsel. In a supporting affirmation, trial counsel admitted that he incorrectly advised defendant that his guilty plea "would *not* result in deportation because of the Defendant's lengthy residence in the United States and the fact [*sic*] his three children were born and reside in the United States" (emphasis in original). Counsel further admitted that his advice was "plainly in error" as defendant was actually at risk of mandatory deportation upon conviction of any of the felonies charged.

Alleging that, during plea negotiations, the District Attorney made essentially the same erroneous representations about deportation consequences, counsel admitted that he advised defendant of the prosecutor's representations prior to the guilty plea. Counsel contended that, while defendant had "maintained his innocence" before the grand jury, he entered the guilty plea "in reliance on" counsel's "affirmative misstatements and legal errors" and, therefore, the plea was constitutionally invalid.

The People opposed defendant's motion to vacate the judgment of conviction and sentence. Among other things, the District Attorney denied that he ever told counsel that defendant would not be deported if convicted of the felonies charged, but stated only that he knew very little about immigration matters and that generally long-term residents of the United States had better chances of resisting deportation than short-term residents. According to the People, the District Attorney also recommended that counsel contact INS to discuss the matter. In addition, the People argued that defendant's ineffective assistance of counsel claim should fail because defendant did not

---

**1.** Defendant's maximum exposure, had he gone to trial, would have been a sentence of 25 years imprisonment if convicted as charged of the class B felonies (*see* Penal Law § 70.00 [2] [b]) with the potential for consecutive sentences on the two sale counts (Penal Law § 70.25).

make the requisite showing of prejudice as a result of counsel's erroneous advice. Specifically, the People contended that defendant failed to allege that the outcome of the trial would have been any different had defendant not pleaded guilty.

County Court denied defendant's motion without a hearing for the reasons set forth in the People's response. The Appellate Division affirmed, holding that

> "defendant has not demonstrated that he was prejudiced by counsel's misadvice, i.e., that it was reasonably probable that he would have forgone the plea deal and instead insisted on going to trial had he been correctly advised regarding the deportation consequences of the proposed guilty plea, or that, had he rejected the plea bargain, the outcome of the proceeding likely would have changed and, thus, we cannot conclude that he was deprived of the effective assistance of counsel under either the State or Federal Constitution" (296 AD2d 13, 21 [2002] [citations omitted]). A Judge of this Court granted leave to appeal and we now affirm.

## II.

The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions (US Const 6th Amend; NY Const, art I, § 6). Under the Federal Constitution, the "long-standing test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant" (*Hill v Lockhart*, 474 US 52, 56 [1985] [internal quotation marks and citations omitted]). Defendants who seek to challenge the voluntary and intelligent character of their guilty pleas on the ground of ineffective assistance of counsel must establish that defense counsel's advice was not within the standard set forth in *Strickland v Washington* (466 US 668 [1984]) (*see Hill*, 474 US at 58).

In *Strickland*, the Supreme Court adopted a two-part test for evaluating claims of ineffective assistance of counsel generally. A "defendant must show that counsel's performance was deficient," and "that the deficient performance prejudiced the defense" (*Strickland*, 466 US at 687). The first prong of the *Strickland* test is essentially a restatement of attorney competence, which requires a showing that counsel's representation fell below an objective standard of reasonableness (*Hill*, 474 US

at 58). The second prong, also known as the prejudice prong, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process" (*Hill*, 474 US at 59). In order to satisfy this prong, a "defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*Hill*, 474 US at 59).

Under certain circumstances, the prejudice inquiry, in a case where a defendant has entered a guilty plea, will require a prediction of the outcome of possible litigation, which "will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial" (*Hill*, 474 US at 59). The United States Supreme Court's examples of circumstances requiring a prediction analysis are the following: (1) "where the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence" and (2) "where the alleged error of counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged" (*Hill*, 474 US at 59). The prejudice assessment, in each of these examples, would necessarily turn on whether the evidence, had it been put before the factfinder, "likely would have changed the outcome of a trial" (*Hill*, 474 US at 59).

Relying solely on federal constitutional law, defendant argues that his counsel's incorrect advice about the consequences of his guilty plea constitutes ineffective assistance of counsel.[2] The mere failure to advise a defendant of the possibility of deportation does not constitute ineffective assistance of counsel (*see People v Ford*, 86 NY2d 397, 404 [1995]; *see also United States v Del Rosario*, 902 F2d 55, 59 [DC Cir 1990], *cert denied* 498 US 942 [1990]). However, governed by *Strickland*, some federal courts have held that affirmative misstatements by defense counsel may, under certain circumstances, constitute ineffective assistance of counsel (*see United States v Couto*, 311 F3d 179, 188 [2d Cir 2002]; *see also United States v Campbell*, 778 F2d 764, 768-769 [11th Cir 1985]; *Downs-Morgan v United States*, 765 F2d 1534, 1540-1541 [11th Cir 1985]).

Applying the rule as articulated by the federal circuits, defendant has met the first prong of the *Strickland* test in that trial counsel admits that he incorrectly advised his client about the

---

2. As a matter of state constitutional law, this Court has consistently applied our "meaningful representation" standard to ineffective assistance of counsel claims (*see People v Henry*, 95 NY2d 563, 565 [2000]; *see also People v Benevento*, 91 NY2d 708, 713 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

consequences of the plea. Specifically, counsel misinformed defendant by telling him that he would not be subject to deportation because he was a long-term resident of the United States and his three children were American citizens by birth and live in the United States. We hold that this type of affirmative misrepresentation falls below an objective standard of reasonableness (*see Couto*, 311 F3d at 188).

Hence, the success of defendant's ineffective assistance of counsel claim rests on whether his allegations meet the second requirement of *Strickland*—the requisite showing of prejudice. Contrary to the People's contention, and the Appellate Division's holding below, the prejudice inquiry here does not necessitate a prediction analysis as to the likely outcome of the proceeding. Defendant does not allege errors concerning the failure to investigate or discover potentially exculpatory evidence or the failure of counsel to advise him as to affirmative defenses. To establish ineffective assistance of counsel, defendant's allegations must be sufficient to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (*Hill*, 474 US at 59).

The sufficiency of defendant's factual allegations as to prejudice should be evaluated with reference to the face of the pleadings, the context of the motion and defendant's access to information (*see People v Mendoza*, 82 NY2d 415, 426 [1993]). Here, the supporting affirmation annexed to defendant's motion to vacate the judgment of conviction was made by trial counsel (*see* CPL 440.30 [1]). It merely states that counsel misinformed defendant as to the deportation consequences of his guilty plea and that defendant relied on the incorrect advice when entering the plea. The affirmation makes no factual allegation that, but for counsel's error, defendant would not have pleaded guilty.

Given that this is not an instance where defendant's lack of access to information precluded more specific factual allegations, defendant was required to allege necessary facts to support his motion to vacate the judgment of conviction (*see Mendoza*, 82 NY2d at 429). Because he failed to make a prima facie showing of prejudice, the Appellate Division did not err in denying his motion to vacate the judgment of conviction without a hearing.

Accordingly, the Appellate Division order should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed.