OPINION OF THE COURT
Per Curiam.
Appeal from a judgment of conviction, rendered September 1, 2003, held in abeyance, and the matter remanded for a hearing and decision de novo on defendant’s motion to vacate the judgment. Orders, dated December 14, 2004 and February 10, 2005, reversed, orders vacated and matter remanded for a hearing and decision de novo on the motion.
Defendant was charged with one count of unlicensed general vending, in violation of Administrative Code of the City of New York § 20-453, for selling wooden plaques on a Manhattan sidewalk without a vendor’s license. At arraignment, he agreed to plead guilty to disorderly conduct (Penal Law § 240.20). Defense counsel waived formal allocution and sentence was imposed.
In his CPL 440.10 motion to vacate the judgment of conviction, defendant asserted that he was denied the effective assistance of counsel because his attorney failed to advise him of a potentially dispositive defense. Defendant, a Chinese immigrant granted permanent legal residence in the United States based on his status as an artist, claimed that the wooden plaques were the functional equivalent of a canvas on which he created his works of art and that his attorney never advised him that he may have had a constitutional right to sell artwork without a vendor’s license. (See Bery v City of New York, 97 F3d 689 [1996], cert denied 520 US 1251 [1997].) He also alleged that, had he been advised that his activities were constitutionally protected, he would not have pleaded guilty but rather would have proceeded to trial.
We reverse and remand for a hearing on the motion to vacate. Defendant’s factual allegations were sufficient to raise an issue *24 of fact as to whether his guilty plea should be vacated on the ground of ineffective assistance of counsel. Notwithstanding an overall adequate performance, the failure of an attorney to raise or advise a defendant of a dispositive defense, in the absence of a reasonable explanation for it, cannot be reconciled with a defendant’s constitutional right to the effective assistance of counsel (see People v Turner, 5 NY3d 476, 480-481 [2005]). Whether there is a reasonable explanation for counsel’s failure to raise the potentially dispositive defense can only be resolved after a hearing at which testimony is received. Inasmuch as defendant pleaded guilty and the alleged error is the failure to advise of a potential defense to the offense charged, there is also an issue of fact as to whether the defense likely would have succeeded at trial (see People v McDonald, 1 NY3d 109, 114 [2003]; see also Hill v Lockhart, 474 US 52, 59 [1985]).
Davis, J.E, Gangel-Jacob and Schoenfeld, JJ., concur.