■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG HEYWOOD, Appellant. [30 NYS3d 77]—

Order, Supreme Court, Bronx County (Eugene Oliver, Jr., J.), entered on or about February 4, 2015, which denied defendant's CPL 440.10 motion to vacate two judgments of conviction rendered July 17 and August 14, 2007, unanimously affirmed.

The court properly exercised its discretion under CPL 440.10 (3) (b) in summarily denying what was essentially a renewal motion. On a prior motion, defendant had alleged that the attorney who represented him at the time of his 2007 pleas to misdemeanors involving the sale of marijuana gave him affirmative misadvice that these convictions would have no immigration consequences (see generally People v McDonald, 1 NY3d 109 [2003]). After a hearing, at which defendant, the sole witness, testified that his lawyer told him these convictions would come "off [defendant's] record" in 6 to 12 months if he stayed out of trouble and would have no adverse immigration affect, the court (Patricia Anne Williams, J.), denied the motion on the ground that defendant failed to meet his burden of proving the existence of the alleged misadvice.

The present motion asserted the same ground, but stated that defendant now intended to call plea counsel as a witness. Regardless of the validity of defendant's excuse for not doing so at the original hearing, he did not show that a new hearing was warranted. Plea counsel's affidavit stated that he had "no specific recollection of providing [defendant] with any advice as to Immigration consequences," and that his files for defendant's cases could not be located. Defendant's assertion that, if called at a hearing, counsel might nevertheless provide corroborating testimony is speculative. At most, defendant would be able to establish a lack-of-advice claim, which would be barred by the nonretroactivity of Padilla v Kentucky (559 US 356 [2010]).

Defendant also failed to satisfy the requirement of prejudice. Defendant had only been in the United States for a few months, on an overstayed visa, at the time that he pleaded guilty, and his written submissions and his testimony at the hearing on his first 440.10 motion established that he wanted to avoid incarceration. Thus, it was unlikely that he would have rejected a plea offer and risked a conviction after trial even had he known about the immigration consequences of his plea. While defendant asserts that he would have held out for a plea offer without immigration consequences had his plea counsel properly advised him, there is no reason to believe that his counsel, who negotiated a favorable plea bargain with no jail time, would have been able to obtain a plea to a violation rather

than a misdemeanor. Concur—Sweeny, J.P., Saxe, Moskowitz, Gische and Webber, JJ.