■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
REYNOLD SAMUELS, Appellant. [38 NYS3d 541]—

Order, Supreme Court, Bronx County (Albert Lorenzo, J.),
entered March 9, 2015, which denied defendant's CPL 440.10
motion to vacate a May 11, 2010 judgment of conviction,
unanimously reversed, on the law, and the matter remanded
for a hearing on defendant's claim of ineffective assistance of
counsel.

A court considering a CPL 440.10 motion challenging the
validity of a plea and raising the issue of ineffective assistance
of counsel must be guided by certain principles. The "longstand-
ing test for determining the validity of a guilty plea is whether
the plea represents a voluntary and intelligent choice among
the alternative courses of action open to the defendant" (*Hill v
Lockhart*, 474 US 52, 56 [1985] [internal quotation marks omit-
ted]). "On a CPL 440.10 motion pursuant to subdivision (1) (h),
the burden is on the defendant to demonstrate that the judg-
ment was obtained in violation of a right of the defendant
under the constitution of this state or of the United States"
(*People v Gross*, 26 NY3d 689, 693 [2016] [internal quotation
marks omitted]). Under the federal standard, a defendant must
demonstrate that counsel's performance was deficient with the
result that he or she was prejudiced in such a way as to deprive
him or her of a fair trial, or that defendant would have gone to
trial rather than take a plea had counsel's performance not
been deficient (*Strickland v Washington*, 466 US 668, 687
[1984]; *Hill*, 474 US at 59; *People v McDonald*, 1 NY3d 109,
114 [2003], citing *Hill*). The New York State test to determine

the issue of prejudice with respect to ineffective assistance of counsel claims "focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Caban*, 5 NY3d 143, 156 [2005] [internal quotation marks and citation omitted]). "A defendant advancing an ineffective assistance [of counsel] claim must 'demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings' " (*People v Hogan*, 26 NY3d 779, 785 [2016], quoting *People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Rivera*, 71 NY2d 705, 708-709 [1988]). "A single error may qualify as ineffective assistance, but only when the error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban*, 5 NY3d at 152; *People v Calderon*, 66 AD3d 314, 320 [1st Dept 2009], *lv denied* 13 NY3d 858 [2009]).

Where a CPL 440.10 motion is made, a hearing to develop additional background facts is not "invariably necessary" (*People v Satterfield*, 66 NY2d 796, 799 [1985]). A court may deny the motion without a hearing if, among other things, "the motion is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts" (CPL 440.30 [4] [b]).* Denial of a CPL 440.10 motion is reviewed under an abuse of discretion standard (*People v Samandarov*, 13 NY3d 433 [2009]).

Based upon the foregoing principles, we find the motion court erred in denying defendant's motion without a hearing.

In *Padilla v Kentucky* (559 US 356, 367 [2010]), which applies to this case, the Supreme Court held that, in connection with a plea, effective assistance requires that defense counsel advise a defendant of the immigration consequences of his plea. Apparently, such advice was not given here. Despite the Probation Department's concern over defendant's immigration status, there is no indication on this record that it was ever discussed with defendant. This failure meets the first prong of the *Strickland* test.

---

\* The record on appeal does not contain a signed and/or sworn statement from the defendant, but only an unsigned, unsworn writing. Since the motion court found that the writing submitted by defendant was "a sworn affidavit stating that he would not have [pled] guilty if he had known that he could be deported," the issue of its adequacy for purposes of CPL 440.30 (1) (a) and (4) (b) has been "decided in [defendant's] favor" and is thus beyond our review (*see People v LaFontaine*, 92 NY2d 470, 474 [1998]; CPL 470.15 [1]). Neither party raised this *LaFontaine* claim in the motion court or in their briefs; rather, it was raised for the first time by defendant at oral argument.

The issue before us thus turns on whether counsel's lack of advice on the deportation consequences of defendant's guilty plea resulted in sufficient prejudice to warrant the withdrawal of his guilty plea. In order to prevail, a defendant must demonstrate a "reasonable probability that, [had counsel properly advised him of the implication of his plea on his immigration status], he would not have pleaded guilty and would have insisted on going to trial" (*Hill v Lockhart*, 474 US at 59; *see also Padilla*, 559 US at 366; *People v Hernandez*, 22 NY3d 972, 975 [2013], *cert denied* 572 US —, 134 S Ct 1900 [2014]; *People v McDonald*, 1 NY3d 109, 113-114 [2003]). As noted, defendant alleges that he would have gone to trial, despite its hazards and the potentially significant incarceration that a conviction would entail, had he been advised he would be deported. Although to have done so would have meant the rejection of "the very beneficial deal" his counsel had negotiated, the motion court erred in finding that defendant's claim was not "credible," given the length of time defendant resided legally in the United States, and the other factors raised in his motion papers. Such credibility determinations should be made only after a hearing (*see e.g. People v Hernandez*, 22 NY3d 972 [2013]).

Since the "prejudice component [of an ineffective assistance of counsel claim] focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case" (*People v Ozuna*, 7 NY3d 913, 915 [2006]), under the circumstances of this case, a hearing should be held on the issues raised in defendant's moving papers. Concur—Tom, J.P., Sweeny, Moskowitz, Richter and Gesmer, JJ.

