(May 25, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLEY SANCHEZ, Appellant. [55 NYS3d 208]—

Order, Supreme Court, New York County (Abraham L. Clott, J.), entered on or about March 9, 2016, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction, same court (William Wetzel, J.), rendered August 17, 2000, convicting her, upon a plea of guilty, of attempted conspiracy in the second degree, and sentencing her to five years of probation, unanimously reversed, on the law, and the motion granted to the extent of remanding for a hearing on defendant's claim of ineffective assistance of counsel and a decision de novo on the motion.

The court improvidently exercised its discretion in denying without a hearing defendant's CPL 440.10 motion alleging ineffective assistance of counsel for failure to render accurate advice on the immigration consequences of pleading guilty to a felony (*see People v Picca*, 97 AD3d 170 [2d Dept 2012], citing inter alia *People v McDonald*, 1 NY3d 109 [2003]), without a hearing. Defendant said in an affidavit that she informed her plea counsel that she was not a U.S. citizen but was a legal permanent resident and was concerned about maintaining her immigration status and not being deported. Counsel advised her that, if she pleaded guilty to attempted second-degree conspiracy, she would receive five years of probation, with no jail time, and assured her that, by taking the plea and receiving probation, she would not have to fear any deportation proceedings. Defendant, age 26 at the time, had been in jail since her arrest, and wanted to be released as soon as possible, so that she could rejoin her two young children.

Accordingly, defendant pleaded guilty, was sentenced as indicated, and successfully completed her probation.

However, in 2012, defendant was referred to U.S. Immigration and Customs Enforcement (ICE), and on June 5, 2012, ICE issued her a Notice to Appear. Defendant said that she learned that conspiracy is considered an "aggravated felony" under the immigration law, which leaves her exposed to deportation proceedings, except under limited and difficult-to-meet exceptions under the Convention Against Torture.*

Defendant said that, if she had known that her guilty plea would subject her to a risk of deportation, she "never would have entered a guilty plea," but instead "would have contested the matter, tried to negotiate a better plea or taken the case to trial." She said that she believed that she "would have had a good defense as [she] was not involved in any drug activity, did not know that [her] stepfather was involved in drugs and never saw any drugs in the Bayside location."

Defendant submitted an affidavit by her plea counsel, who said that she no longer possessed a copy of defendant's file, and the plea transcript was not available. Nonetheless, counsel said she recalled speaking to defendant a few times, with her secretary acting as interpreter. Counsel recalled that defendant was a legal resident and not a U.S. citizen, but "[did] not recall any advice [she] may have given to [defendant] concerning the plea she eventually entered and the ramifications of that plea upon her status in the United States."

Counsel explained that her difficulty remembering was due not only to the passage of 15 years, but also to the fact that, at the time of the plea, she was going through "personal difficulties," including "alcoholism and addiction." In May 2000, counsel was indicted in Supreme Court, Ulster County, for first-degree promoting prison contraband, seventh-degree criminal possession of a controlled substance, and second-degree harassment.

Under these circumstances, a hearing should be held on whether counsel's performance rose to the level of ineffective assistance of counsel (*see People v Picca*, 97 AD3d 170 [2012]). Concur—Acosta, P.J., Mazzarelli, Manzanet-Daniels and Webber, JJ.

---

* Her current counsel, noted that defendant's sister (Paola Sanchez-Lopez), who "took a similar offer" and "faced a similar dilemma" was subjected to removal proceedings and unsuccessfully asserted a Convention Against Torture claim. Defendant's sister avoided deportation only by having her conviction vacated and re-pleading to criminal trespass.