OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant was charged with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and operating a motor vehicle while ability impaired (Vehicle and Traffic Law § 1192 [1]). On October 26, 2016, she pleaded guilty to operating a motor vehicle while ability impaired. The court sentenced defendant to a one-year conditional discharge, the conditions being that she pay a fine and surcharge, attend the impaired driver’s program and abide by a 90-day license suspension.
The defendant now moves for an order pursuant to CPL 440.10 (1) (h) vacating the judgment on the ground of ineffective assistance of counsel. In a case of apparent first impression, the court concludes that defense counsel’s erroneous advice regarding defendant’s ability to obtain a conditional license after her conviction constituted ineffective assistance of counsel. Accordingly, and for the reasons detailed below, defendant’s motion is granted. The accusatory instrument is restored to its pre-pleading status on the Part E calendar.
I. Introduction
Both defendant and the attorney who represented her at the plea assert that defense counsel told the defendant that if she pleaded guilty she would be able to obtain a conditional license. This advice was incorrect. The DMV’s 25-year “look-back” rule, promulgated in 2013, rendered defendant ineligible for a conditional license (15 NYCRR 134.7 [a] [11] [i]), and also triggered an automatic license revocation lasting five additional years.[1] (15 NYCRR 136.5 [b] [3] [ii].) Defense counsel asserts *701 that he was unfamiliar with these rules at the time he advised defendant to plead guilty. Since counsel gave the defendant incorrect advice regarding the relicense consequences of her guilty plea, and defendant has convincingly established that she would not have pleaded guilty but for that advice, she is entitled to relief for ineffective assistance of counsel.
Defendant further argues that, because the five-year revocation of her license was a direct consequence of the plea, the court was required to advise her of this prior to accepting the plea. As to this, the court disagrees. The five-year revocation is a collateral consequence, not a direct consequence, of the guilty plea, and a court need not inform a defendant of the collateral consequences of a plea of guilty, other than immigration consequences. (People v Peque, 22 NY3d 168, 184 [2013].) Accordingly, the court was under no obligation to advise the defendant about the actions that the DMV would take, and the motion to vacate the judgment is denied on this particular theory.
II. Legal Discussion
Defendant moves to vacate the judgment under CPL 440.10 (1) (h), which provides for relief where the “judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.” Where a defendant has received ineffective assistance of counsel, she is entitled to relief under this section. (Cf. People v Maxwell, 89 AD3d 1108 [2d Dept 2011].)
A. Introduction
The defense correctly argues that counsel’s incorrect advice about the relicensing consequences of the guilty plea constitutes ineffective assistance of counsel under both the Federal and State Constitutions.
B. Federal Standard
A defendant relying on federal constitutional law “to challenge the voluntary and intelligent character of [her] guilty plea[ ] on the ground of ineffective assistance of counsel must establish that defense counsel’s advice was not within the standard set forth in Strickland v Washington.” (People v McDonald, 1 NY3d 109, 113 [2003] [citation omitted].) Under Strickland, the defendant must show, first, that counsel’s performance was deficient—or “unreasonable”—and, second, that the deficient performance prejudiced the defense. (Strickland v Washington, 466 US 668, 690, 691-692 [1984].) Where the de *702 fendant has pleaded guilty, in order to satisfy the prejudice requirement, she “must show that there is a reasonable probability that, but for counsel’s errors, [she] would not have pleaded guilty and would have insisted on going to trial.” (Hill v Lockhart, 474 US 52, 59 [1985].)
1. Counsel’s performance was deficient.
Defendant has met the first prong of Strickland. Defense counsel admits that he incorrectly advised the defendant that accepting a plea of guilty to Vehicle and Traffic Law § 1192 (1) would be the “only path” to obtaining a conditional license and retaining her driving privileges. (Cascione aff ¶ 17.) When he provided her with this incorrect advice, he was unaware of the DMV’s 25-year “look-back” rule, under which it was in fact impossible for her to obtain a conditional license, 15 NYCRR 134.7 (a) (11) (i), and which also caused the DMV to revoke her license for five additional years. (15 NYCRR 136.5 [b] [3] [ii]; Cascione aff ¶¶ 15-16, 18-20;[2] see McDonald, 1 NY3d at 114-115 [“affirmative misstatements by defense counsel” about a collateral consequence “may, under certain circumstances, constitute ineffective assistance of counsel”].) In truth, only an acquittal after trial could have prevented the consequences of the 25-year “look-back” rule.
While it appears that no court has considered an ineffectiveness claim based on counsel’s ignorance of these relicensing regulations, People v Luther (48 Misc 3d 699 [Monroe County Ct 2014]) examined this same problem through a different lens, and granted the defendant relief under CPL 440.10. There, the issue was not that defense counsel gave incorrect advice about the relicensing consequences of a guilty plea. It was that, soon after the defendant’s guilty plea, the regulations changed. (Id.) Specifically, defendant pleaded guilty to driving while intoxicated on February 11, 2013. (Id. at 700.) His sentence included a six-month license revocation. (Id.) Just 11 days later, however, on February 22, 2013, the current reli-censing regulations went into effect, rendering him ineligible *703 to reapply for a driver’s license for five years after the six-month revocation. (Id.) A Town Court justice granted defendant’s motion for relief under CPL 440.10 (1) (h), and the County Court affirmed, describing defendant’s experience as both “an affront to the notion of due process” and “patently unfair.” (Id. at 702.)[3]
Luther, in dicta, also observes that an attorney’s failure to advise a client about this particular consequence might constitute ineffective assistance: “but for the revocation consequences at issue being publicly unknown until after defendant’s plea and sentencing, the remedy of vacatur on the ground of ineffective assistance may have lied for counsel’s failure to disclose.” (Id. at 703.) While the court here need not reach the question whether defendant’s due process rights were implicated by her unexpected inability to obtain a conditional license, it agrees that defense counsel’s incorrect advice on the question was professionally unreasonable under Strickland.
2, Defendant was prejudiced.
Where a defendant asserts prejudice, “[t]he sufficiency of [the] defendant’s factual allegations as to prejudice should be evaluated with reference to the face of the pleadings, the context of the motion and defendant’s access to information.” (McDonald, 1 NY3d at 115 [citation omitted].) Here, defendant has made a showing of prejudice.
In her affidavit, defendant explains that she is a dancer, and her main concern was that she be able to continue to drive to work. (Olecski aff ¶¶ 4, 11.) Defendant lives on Staten Island and does not have readily available public transportation. (Id.) Defense counsel, for his part, has averred that he informed the defendant that a plea to Vehicle and Traffic Law § 1192 (1) was her only path to a conditional license. (Cascione aff ¶¶ 8, 16-17.) Defendant specifically recalls that her counsel told her that “he had checked the DMV website that very morning and no additional penalty would be added because my prior offenses were too far in the past.” (Olecski aff ¶ 14; see also Cas-cione aff f 15 [confirming this fact, and admitting that counsel failed to notice “the paragraph at the very end (of the website) entitled ‘Additional Penalties’ ”].)
*704 Based on her need for a license, and on counsel’s advice, defendant pleaded guilty to violating Vehicle and Traffic Law § 1192 (1). However, when she applied for a conditional license, she learned that she was ineligible. (Olecski aff ¶ 15.) She then also learned of the 25-year “look-back” rule and the mandatory five-year revocation. (Id.) Defense counsel’s ignorance of the regulations that produced these results caused him to advise the defendant to plead guilty. (Cascione aff ¶¶[ 15, 21 [“In this case, I not only failed to advise Ms. Olecski of the consequences of her plea, I affirmatively mis-advised her that she would be able to get a conditional license”].)
Defendant has sworn that she pleaded guilty because she believed that a plea to Vehicle and Traffic Law § 1192 (1) was the only way that she could obtain a conditional license, and that if she knew that a conviction of any alcohol-related offense would both render her ineligible for a conditional license and result in an additional administrative revocation, she would have insisted on going to trial. (Olecski aff ¶¶ 16-17.) The court finds that the prejudice prong of Strickland is satisfied by the assertions of the defendant and her attorney. Defendant has convincingly asserted that her motivating factor for accepting the plea offer was to preserve her driving privileges, and that she would not have pleaded guilty if her attorney had given her correct advice about the relicensing consequences of her plea. (Cf. McDonald, 1 NY3d at 115 [affirming denial of relief where counsel’s “affirmation makes no factual allegation that, but for (the) error, defendant would not have pleaded guilty”].)
Given the importance defendant placed upon the continued ability to drive, the court is convinced that she would not have pleaded guilty had her attorney correctly advised her that an acquittal after trial was the only sure method of retaining her ability to drive. (E.g. Luther, 48 Misc 3d at 705 [“defendant may have made a different decision had (the relicensing) consequence been disclosed or otherwise accessible to him at or before the time of his guilty plea and sentencing”].)
3. Conclusion
The defendant has demonstrated ineffective assistance of counsel under the federal standard.
C. State Constitutional Standard
Having found that the defendant was denied the effective assistance of counsel under the federal standard, the court will also consider the issue under the less onerous state standard. *705 (Cf. People v Valle, 39 Misc 3d 126[A], 2013 NY Slip Op 50409 [U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013] [not reaching state standard where court concluded that federal standard violated].) Here, the court concludes that, even if the defendant did not meet the federal standard, she has met the state standard.[4]
In evaluating a claim of ineffective assistance of counsel under the State Constitution, a court considers whether the defendant was afforded “meaningful representation.” (People v Henry, 95 NY2d 563, 565 [2000] [citations omitted].) This standard “is ultimately concerned with the fairness of the process as a whole rather than its particular impact on the outcome of the case.” (People v Benevento, 91 NY2d 708, 714 [1998].) “So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met.” (People v Baldi, 54 NY2d 137, 147 [1981].) Where the defendant raises a state-law ineffectiveness claim after pleading guilty, she must show that “the alleged ineffective assistance had [an] impact on the plea bargaining process or the volun-tariness of the plea” (People v Dunn, 261 AD2d 940, 940 [4th Dept 1999]), but “need not fully satisfy the prejudice test of Strickland.” (People v Stultz, 2 NY3d 277, 284 [2004].)
Here, defense counsel failed to provide meaningful representation. Defendant’s main concern was a conditional license, and both she and defense counsel indicate that her erroneous belief that pleading guilty was the only way to obtain one was the sole reason that she did so. Defense counsel admitted that he not only gave incorrect advice when he told her that she could receive a conditional license if she pleaded guilty, but he also failed entirely to tell her that her license would be revoked for five more years. And, clearly, this incorrect advice had an impact on the voluntariness of defendant’s plea.
Accordingly, there was a violation of the defendant’s right to the effective assistance of counsel under the State Constitution.
D. Conclusion
Because defendant has established that her attorney’s erroneous advice caused her to plead guilty, and that she would *706 not have pleaded guilty but for that advice, defendant’s motion to vacate judgment pursuant to CPL 440.10 (1) (h) is granted.
III. Collateral Consequences
Defendant suggests, in the alternative, that because the unexpected five-year revocation of her driver’s license was a direct consequence of the plea, the court was required to advise her of this, and that its failure to do so also requires vacatur of the judgment. (Cascione aff f 17.)
The court disagrees:
“A trial court has the constitutional duty to ensure that a defendant, before pleading guilty, has a full understanding of what the plea connotes and its consequences .... The court is not required to engage in any particular litany when allocuting the defendant, but due process requires that the record must be clear that ‘the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant’.... Manifestly, a criminal court is in no position to advise on all the ramifications of a guilty plea personal to a defendant. Accordingly, the courts have drawn a distinction between consequences of which the defendant must be advised, those which are ‘direct’, and those of which the defendant need not be advised, ‘collateral consequences.’ ” (People v Ford, 86 NY2d 397, 402-403 [1995] [citations omitted].)
Here, the record of the plea colloquy reflects that the court adequately apprised the defendant of the rights that she was waiving, including her rights under Boykin v Alabama (395 US 238 [1969]; see People v Harris, 61 NY2d 9 [1983]). The court secured a knowing and voluntary waiver of those rights, and also correctly described the direct consequences of the plea—those that would have “a definite, immediate and largely automatic effect on defendant’s punishment.” (Ford, 86 NY2d at 403.) The court informed the defendant of the financial penalties, the requirement that she attend the impaired driver’s program, and the 90-day license suspension that the court was imposing pursuant to Vehicle and Traffic Law § 1193 (2) (a) (1).
By contrast, the relicensing ramifications were a collateral consequence, and not a direct consequence, of the plea. (People v Peque, 22 NY3d 168, 185 [2013].) They were “peculiar to the [defendant’s] personal circumstances and . . . not within the *707 control of the court system.” (Ford, 86 NY2d at 403; see also Peque, 22 NY3d at 184.) Since the DMV is not within the control of the court, neither the defendant’s ineligibility for a conditional license nor the additional five-year revocation was part of the punishment, and the court was under no duty to advise the defendant about them.[5]
In any event, the defendant’s “claims relating to the court’s failure to advise [her] of the [license revocation] consequences of [her] plea . . . [are] record-based and therefore may not be raised by way of a CPL 440.10 motion.” (People v Simpson, 120 AD3d 412, 412 [1st Dept 2014] [citations omitted]; People v Llibre, 125 AD3d 422 [1st Dept 2015].)
For both of these reasons, defendant is not entitled to relief under CPL 440.10 (1) (h) on the ground that the court did not advise her of the possibility of any adverse actions that the DMV might take against her.
IV. Conclusion
Defendant was denied the effective assistance of counsel under both the Federal and State Constitutions. She has shown that counsel’s failure to inform her of the license revocation consequences of her plea of guilty caused her prejudice. Accordingly, defendant’s motion to vacate the judgment on the ground of ineffective assistance of counsel is granted, and the case is restored to its pre-pleading status. (CPL 440.10 [8].)

. The regulation applies to applicants for relicensing with multiple alcohol- or drug-related driving convictions. The instant conviction for driving while ability impaired by alcohol is defendant’s third; she was convicted of that same offense in 2004 and 2010.

. Pursuant to 15 NYCRR 134.7 (a) (11) (i), a person who has three or more alcohol-related convictions within the past 25 years, which defendant indisputably did, is ineligible for a conditional license. For this same reason, defendant must serve an additional five-year revocation period, after which she may submit an application for relicensing. The Commissioner may then approve the application with an A2 restriction on the driver’s license, and the requirement that an ignition interlock device be installed on any motor vehicle that she owns or operates for a period of five years. (15 NYCRR 136.5 [b] [3] [ii].)

. By contrast, People v Wheaton (49 Misc 3d 378, 379 [Seneca County Ct 2015]) found no due process violation in a case where a defendant’s license was revoked pursuant to 15 NYCRR 136.5 (b) some nine years after entry of his guilty plea.

. Such a finding would not preclude relief. CPL 440.10 (1) (h) applies where the judgment was obtained “in violation of a right of the defendant under the constitution of this state or of the United States.”

. Although Peque created an exception for immigration consequences, this exception is “quite narrow,” and “almost invariably, a [court need inform the] defendant ... of only the direct consequences of a guilty plea and not the collateral consequences.” (22 NY3d at 196.) Post-Peque, the Court “continuéis] to adhere to the direct/collateral framework, and . . . do[es] not retreat from [its] numerous prior decisions holding a variety of burdensome consequences of a guilty plea to be strictly collateral and irrelevant to the voluntariness of a plea.” (22 NY3d at 196 [citations omitted].)