People v Gaston (2018 NY Slip Op 05122)





People v Gaston


2018 NY Slip Op 05122


Decided on July 10, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018

Friedman, J.P., Kahn, Singh, Moulton, JJ.


7091 15/15 7090

[*1]The People of the State of New York, Appellant,
v
Bonhof Gaston, etc., Defendant-Respondent.


Darcel D. Clark, District Attorney, Bronx (Joshua P. Weiss of counsel), for appellant.
Christina Swarns, Office of the Appellate Defender, New York (Caitlin Glass of counsel), for respondent.



Order, Supreme Court, Bronx County (William I. Mogulescu, J.), entered on or about August 15, 2017, which granted defendant's CPL 440.10 motion to vacate a June 10, 2015 judgment of conviction, unanimously reversed, on the law, and the matter remanded for a hearing on defendant's claim of ineffective assistance of counsel as to the issue of prejudice, and for a decision de novo on the motion.
The court improvidently exercised its discretion in summarily granting, without holding a hearing, defendant's motion seeking to vacate of the judgment on the ground that, with respect to the immigration consequences of his guilty plea, his counsel failed to advise him (see Padilla v Kentucky, 559 US 356,
367-369 [2010]), or misadvised him (see People v McDonald, 1 NY3d 109, 113-14 [2003]).
In 2014, defendant was indicted for assault-related felonies. In 2015, defendant pleaded guilty to third-degree assault under Penal Law § 120.00(1), and was sentenced to a term of one year. During the plea colloquy, the court asked defense counsel, "[H]ave you discussed the immigration consequences of this guilty plea with your client?" Counsel replied, "There are none." The court then gave defendant a warning of possible deportation in accordance with People v Peque (22 NY3d 168 [2013], cert denied sub nom. Thomas v New York, 574 US &mdash, 135 S Ct 90 [2014]). At the time of his guilty plea, defendant was also under indictment in Supreme Court, Kings County for attempted murder in a separate incident involving his pressing a firearm against a man's head and shooting him.
By pro se papers dated March 24, 2016, defendant moved to vacate his third-degree assault conviction pursuant to CPL 440.10. In a written decision dated July 11, 2016, the court denied defendant's pro se motion. Defendant then obtained new counsel, who filed a second CPL 440.10 motion dated March 9, 2017 seeking the same relief, which, as stated above, was granted by the court in its August 15, 2017 order.
Counsel's statement on the record that there were no immigration consequences to the plea was incorrect because defendant pleaded guilty to a crime involving moral turpitude for immigration purposes (see Immigration and Nationality Act § 212[a][2][i][II]), and as such this conviction formed a part of the basis for a deportation order issued for defendant. We find that counsel's misadvice regarding the immigration consequences of defendant's plea, as established by the record of the plea proceeding, fell below an objective standard of reasonableness, thereby satisfying the first prong of the federal test for evaluating an ineffective assistance claim (see Strickland v Washington, 466 US 668, 687 [1984]; McDonald, 1 NY3d at 113-114 ["A defendant must show that counsel's performance was deficient' and that the deficient [*2]performance prejudiced the defense'").
As to Strickland's second prong, in support of his counseled CPL 440.10 motion, defendant provided (1) his own affidavit stating that plea counsel did not discuss with him the immigration consequences of the plea, and that he would not have pleaded guilty had he known it could result in his deportation; and (2) an affirmation by counsel, who had no recollection of whether he discussed immigration consequences with defendant but did not dispute the accuracy of the plea minutes. The People opposed the motion, inter alia, on the grounds that defendant had, only weeks after entering his guilty plea in the instant case, pleaded guilty in the Kings County case to attempted second-degree assault, an aggravated felony, which he was informed during his plea was a deportable offense. The People thus argued that immigration consequences could not have been at the forefront of defendant's mind when he pleaded guilty three weeks earlier in this case.
CPL 440.30 authorizes the summary granting of a motion to vacate a judgment of conviction where the moving papers allege a ground constituting a legal basis for the motion (CPL 440.30[3][a]); where that ground, if factually based, is supported by sworn allegations of fact essential to support the motion (CPL 440.30[3][b]); and where the sworn allegations of essential fact are either conceded by the People to be true or are conclusively substantiated by unquestionable documentary proof (CPL 440.30[3][c]). If all three of these statutory criteria are not met, the court may not grant a CPL 440.10 motion without first conducting a hearing (CPL 440.30[5]).
Here, only two of the three CPL 440.30[3] statutory criteria for granting defendant's CPL 440.10 motion without a hearing were satisfied. Defendant's moving papers alleged that his plea counsel provided him ineffective assistance by failing to advise him of the immigration consequences of his plea and that, had defendant known that his guilty plea could result in deportation, he would not have entered the plea. Furthermore, at the plea proceeding, when the court inquired whether plea counsel had discussed "the immigration consequences of this guilty plea with [his] client," plea counsel replied, "There are none." Thus, defendant satisfied the first statutory criterion by alleging a legal basis for his CPL 440.10 motion (CPL 440.30[3][a]).
Defendant's affidavit in support of the motion contained sworn allegations of fact to the effect that defense counsel never spoke to him about the immigration consequences of his plea, and that his defense counsel stated before the court and in his presence that there would be none.
Defendant's affidavit includes his sworn allegations that he was born in Haiti in 1985, that he came to the United States at the age of five, that he was a lawful permanent resident, that his parents became naturalized United States citizens and that his wife, who was also a lawful permanent resident, was in the process of becoming a United States citizen. The affidavit also contained defendant's sworn statement that he would not have entered his guilty plea had he known of its immigration consequences at the time he entered it. Because these sworn factual allegations were essential to support the objective standards of reasonableness and prejudice prongs of defendant's motion, the second statutory criterion is satisfied (see CPL 440.30[3][b]).
Nevertheless, the People did not concede the essential factual allegations on the issue of prejudice. Indeed, they expressly noted that defendant's allegations of longstanding ties to the United States and lack of any connection to Haiti were entirely unsubstantiated. Neither did defendant proffer documentary proof conclusively substantiating his sworn factual allegations in support of his claim that "but for [his plea] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59 [1985]; People v Hernandez, 22 NY3d 972, 975 [2013]). Moreover, before the motion court, the People questioned defendant's claim that his guilty plea was attributable to his lack of awareness of its immigration consequences, given defendant's having obtained cancellation of removal for his 2006 conviction by plea to criminal possession of a weapon in the third degree after a final order of removal had been issued against him for conviction of an aggravated felony. Thus, defendant's CPL 440.10 motion failed to satisfy the third criterion of CPL 440.30(3), and for that [*3]reason, the motion court abused its discretion in granting defendant's CPL 440.10 motion without first conducting a hearing and making findings of fact (see CPL 440.30[5]).
Accordingly, an evidentiary hearing on this motion is required (see People v Sanchez, 150 AD3d 589, 589-590 [1st Dept 2017] [hearing required on McDonald claim, despite the defendant's sworn factual averments and plea counsel's affidavit abjuring any recollection of her advice she may have given to the defendant]). With respect to the prejudice prong of defendant's ineffective assistance claim, appropriate factors to be weighed at the hearing include, among other things, evidence of defendant's incentive to remain in the United States rather than return to Haiti, his respective family and employment ties to the United States and his country of origin, the strength of the People's case and defendant's sentencing exposure (see People v Chacko, 99 AD3d 527, 527 [1st Dept 2018], lv denied 20 NY3d 1060 [2012]; People v Picca, 97 AD3d 170, 183-186 [2d Dept 2012]). Moreover, especially in light of possible inconsistencies in the factual averments made by defendant in his earlier pro se motion and his counseled motion, the hearing court should also consider the credibility of defendant's claim that he would have rejected the plea had he been properly informed of its consequences (see People v Samuels, 143 AD3d 401, 403 [1st Dept 2016] [credibility of the defendant's Padilla and McDonald claims should be determined only after a hearing]).
Although the court warned defendant of the potential for deportation, his counsel's contrary advice, that there was no such potential, undermined the court's warning (see People v Corporan, 135 AD3d 485 [1st Dept 2016]). Thus, the court's warning did not obviate the need for a hearing on defendant's claim of ineffective assistance of counsel (see People v Mebuin, 158 AD3d 121, 130 [1st Dept 2017] [ordering hearing on McDonald claim notwithstanding plea court's warning of deportation consequences of guilty plea]).
For purposes of considering the prejudice prong of defendant's claim at the hearing, it is of no moment that when taken into custody by immigration authorities, defendant chose to fight deportation and spent over a year in immigration detention, rather than being deported to Haiti, and also moved to vacate his plea, as these events occurred subsequent to defendant's entry of his guilty plea. The appropriate inquiry on the issue of prejudice is limited to the defendant's circumstances as they were at the time of entry of the guilty plea (see Roe v Flores-Ortega, 528 US 470, 480 [2000]). Thus, defendant's factual assertions that he and his wife are lawful permanent residents, that his parents are naturalized United States citizens and that his wife is in the process of becoming one may be considered only if those were among defendant's circumstances at the time of his plea, rather than at the time of his 2017 sworn affidavit.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 10, 2018
CLERK