People v Marroquin (2019 NY Slip Op 06191)





People v Marroquin


2019 NY Slip Op 06191


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2018-02822
 (Ind. No. 03-00607)

[*1]The People of the State of New York, respondent,
v Otto Marroquin, appellant.


Vincent Gelardi, Rye Brook, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Lisa M. Denig and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Westchester County (Susan M. Capeci, J.), dated January 31, 2018. The order granted the People's motion, inter alia, to reinstate an order of the same court dated December 12, 2014, denying the defendant's motion pursuant to CPL 440.10 to vacate a judgment rendered January 8, 2004, convicting him of criminal contempt in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order dated January 31, 2018, is affirmed.
On November 25, 2003, the defendant, a native of Guatemala, pleaded guilty to criminal contempt in the first degree. He was subsequently sentenced on January 8, 2004.
In 2014, the defendant moved pursuant to CPL 440.10 to vacate the judgment of conviction on the ground that he received the ineffective assistance of counsel. The defendant contended that his trial counsel misinformed him that he would not be subject to deportation if he pleaded guilty to criminal contempt in the first degree. In an order dated December 12, 2014, the Supreme Court denied the defendant's motion. Among other things, the court found that the defendant had not demonstrated that he was prejudiced by the alleged inaccurate advice by counsel "because the deportation proceedings against him [we]re not based on his conviction in this case, but have been instituted because he has not been legally admitted to this country."
Thereafter, the defendant moved for leave to renew his motion to vacate the judgment of conviction. In support thereof, the defendant asserted that, at the time of the subject conviction, he had a valid work permit that allowed him to remain lawfully in the United States. In an order dated November 15, 2016, the Supreme Court found that, based upon this "new" evidence, the defendant was entitled to a hearing on his motion to vacate the judgment of conviction.
The Supreme Court directed the defendant to produce a copy of the work permit that allowed him to be in the United States at the time of his conviction. The defendant, however, did not produce that documentation. The People moved, inter alia, to reinstate the order dated December 12, 2014, denying the defendant's motion to vacate the judgment of conviction. By order dated [*2]January 31, 2018, the court granted the People's motion. The defendant appeals.
We agree with the Supreme Court's determination to grant the People's motion to reinstate the order dated December 12, 2014, denying the defendant's motion to vacate the judgment of conviction. The defendant failed to show that he received the ineffective assistance of counsel under either the federal or state constitutional standard (see US Const Amend VI; NY Const, art I, § 6; Strickland v Washington, 466 US 668, 687; People v Benevento, 91 NY2d 708, 713; People v Baldi, 54 NY2d 137, 147). To prevail on a claim of ineffective assistance of counsel under the Federal Constitution, a defendant "must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US at 687-688). Under the New York Constitution, a defendant must show that he or she was not afforded "meaningful representation" (People v Baldi, 54 NY2d at 147). Here, the defendant failed to show that his trial counsel misadvised him regarding the immigration consequences of his plea or that he was prejudiced by any alleged inaccurate advice given to him by trial counsel (see People v McDonald, 1 NY3d 109, 111; People v Pinto, 167 AD3d 659, 660). Deportation/removal proceedings were instituted against the defendant because he was "an alien present in the United States who had not been admitted or paroled," and not as a result of the subject conviction (see People v Figueroa, 170 AD2d 529). Moreover, we note that the defendant did not produce the work permit or authorization relied upon by him on his motion to renew (see CPL 440.30[4]).
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court