People v Rosario (2022 NY Slip Op 05283)

People v Rosario

2022 NY Slip Op 05283

Decided on September 27, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 27, 2022

Before: Webber, J.P., Kern, Singh, Moulton, Shulman, JJ. 

Ind. No. 5463/12 Appeal No. 16265 Case No. 2021-01529 

[*1]The People of the State of New York, Respondent,
v
Fernando Rosario, Also Known as Fernandez Roasario, Defendant-Appellant.

Labe M. Richman, New York, for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Robin Jeannie Campbell-Urban of counsel), for respondent.

Order, Supreme Court, New York County (James M. Burke, J.), entered on or about March 4, 2021, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered January 29, 2014, unanimously affirmed.
The court providently exercised its discretion under CPL 440.10(3)(b) in summarily denying defendant's motion, which raised essentially the same grounds and issues that he had unsuccessfully raised on a prior motion (see People v Heywood, 138 AD3d 607 [1st Dept 2016], lv denied 28 NY3d 971 [2016]). Initially, we find that the record, viewed as a whole, fails to support defendant's assertion that the motion court misapprehended its discretion to consider a successive motion.
In his 2015 motion, defendant claimed that the attorney who represented him at the time of his plea failed to accurately advise him of the plea's mandatory deportation consequences and was unaware that defendant was a legal permanent resident. Defendant further claimed that he was prejudiced by his attorney's deficient representation in that he never would have taken the plea had he known that he would be subject to mandatory deportation, and instead would have gone to trial or sought a plea to an offense that did not mandate deportation. The court (Burke, J.) summarily denied the 2015 motion, expressly or implicitly finding that these claims were refuted by the plea minutes or were otherwise unavailing.
Defendant's present motion asserted the virtually the same claims that had been rejected in the court's broad ruling on the first motion. There is no basis for reconsideration of those arguments, including "the interest of justice and for good cause shown" (CPL 440.10[3][c]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 27, 2022