People v Sheridan (2025 NY Slip Op 50898(U))

[*1]

People v Sheridan

2025 NY Slip Op 50898(U)

Decided on May 16, 2025

Justice Court Of The Town Of Stony Point, Rockland County

Franks, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2025
Justice Court of the Town of Stony Point, Rockland County

People of the State of New York

against
Raymond Sheridan, Defendant-Petitioner

Index No. XXXXX

William F. Franks, J.

BACKGROUND & PROCEDURAL HISTORY
The Court has received a Notice of Petition for Writ of Error Coram Nobis for an Order vacating the Petitioner's August 23, 1999 Judgment of Conviction of Section 1180 (F) of the New York State Vehicle and Traffic Law (VTL) on the ground that said conviction was obtained in violation of his rights under the New York State and United States Constitutions. 
The Defendant/Petitioner was issued a Uniform Traffic Ticket, #LF5214624 on or about July 14, 1999, for Speeding in a Construction Zone in Violation of VTL Section 1180 (f) to wit: 71 MPH in a 45 MPH zone.
The Motion was originally filed with the Orangetown Justice Court, and on May 23, 2025 transferred to the Town of Stony Point Justice Court, pursuant to CPL Section 170.15 (3), by the County Court, County of Rockland, State of New York.
The Court has reviewed: The Petitioner's Notice of Petition for Writ of Error Coram Nobis, the Attorney's Affirmation, the Petitioner's Affidavit in Support of the Motion, the Certificate of Conviction from the Orangetown Justice Court, dated on the 18th day of April 2024, and a NYS DMV print-out.

LEGAL ANALYSIS
A Uniform Traffic Ticket (UTT) is a simplified information, which may not only commence an action, but also serve as a basis for prosecuting the charged infraction(s) or misdemeanor(s) provided the Defendant has not requested a supporting deposition. See CPL § 1.20 (5)(b) and CPL § 100.25 (2). Under VTL § 207 (1), the Commissioner of the Department of Motor Vehicles ("DMV") prescribes the form for UTT's. When a UTT is filed, and lawful procedures are followed, a Defendant may choose to dispense with a personal appearance and arraignment. CPL § 170.10 (1)(a). A vehicle & traffic defendant, charged under a UTT, does not have a constitutional right to plea bargain, because a decision about whether to enter a reduced plea agreement, is a matter of prosecutorial discretion. People v. Christensen, 21 Misc 3d 608, 620 (Sup Ct, Dutchess County 2008). In all events, traffic defendants are not entitled to all the solemn constitutional protections afforded their criminal counterparts. People v. Mavroudis, 82 Misc 3d 428, 435 (Sup Ct, Albany County 2023).
A court need not inform a defendant of collateral consequences flowing from a guilty [*2]plea, peculiar to the defendant's circumstances, or within the control of the DMV. People v. Olecski, 57 Misc 3d 698, 700 & 707 (Crim Ct, NY County 2017). To this end, since the loss of driving privileges is a collateral consequence, the loss is not a valid basis for disturbing a conviction. People v. Gallagher, 70 Misc 3d 1210(A), 5 (Rye City Ct 2020). A single conviction does not necessarily result in the denial of an application for re-licensure; rather the DMV can consider an entire driving history in this regard. Mavroudis, 82 Misc 3d at 431.
In addition, there is no statutory or constitutional requirement that a person charged with a traffic infraction be apprised of the right to counsel or to an assignment of counsel. Gallagher, supra. and when a defendant pleads guilty, they have affirmatively waived their right to counsel. Gallagher, at 6. As such, when the defendant pleads guilty to a traffic infraction, the defendant convicts oneself by confessing to an actus reus, so all a court can do is enter judgment, and determine punishment. Id.
Coram nobis relief is warranted where a defendant has shown a deprivation of fundamental rights, not apparent in the record, where the Defendant bears no blame in not alerting the conviction court to the deprivation. People v. Stewart, 16 AD2d 962 (2d Dept 1962); People v. Beltran, 77 Misc 3d 1091, 1096 (Deerpark Just Ct 2022).
For its part, a post-conviction Court can rarely know the basis of a defendant's decision to plead guilty, without resorting to speculation. People v. Grant, 45 NY2d 366, 379 (1978). Since the decision may be based on factors, both in, and outside the record, the resulting conviction simply reflects that the defendant had sufficient reason to waive his trial rights. Id. So, unless the defendant reveals his reason for pleading guilty, at the time the plea is made, a court will rarely, if ever, be able to determine the defendant's reason. Id.
A conviction court has sole discretion over the vacatur of its corresponding judgment. People v. Bowman, 81 Misc 3d 1220(A), 6 (Webster Justice Court 2023). In all events, a coram nobis application should not be a substitute for a new trial. Beltran, 77 Misc 3d at 1096. Nor is a hearing invariably necessary when a defendant moves to vacate a plea of guilty. People v. Newell, 76 Misc 3d 1062, 1064 (New Scotland Just Ct 2022). So, a conviction court may deny the motion without a hearing, if the motion is based upon a defendant's self-serving claims that are contradicted by the record, or unsupported by other evidence. People v. Miles, 205 AD3d 1222, 1224 (3d Dept 2022).
Uniform Traffic Tickets issued to a motorist in 1999, in compliance to VTL Section 1807, detail a clear warning which is imprinted on each summons stating: "A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motorcycle, and your certificate of registration, in any, are subject to suspension and revocation as prescribed by law." The undersigned has reviewed a copy of the Certificate of Conviction issued by the Court Clerk for the Town of Orangetown detailing the Conviction of VTL Section 1180 (f) with a disposition of a fine in the amount of $105.00 and a $30.00 surcharge.

DICUSSION
In the instant case, the Petitioner was 49 years of age when was cited for Violation of VTL Section 1180(f), Speeding in a Construction Zone, to wit: 71 MPH in a 45 MPH zone. The summons was issued by Trooper D.J. Clifford of the New York State Police and subsequently the Petitioner entered a plea of guilty to said violation on August 23,1999. The Petitioner, now 74 years of age, files a Notice of Petition for a Writ of Error Coram Nobis but fails to set forth [*3]any evidence that the conviction was a result of duress, fraud, or an excusable mistake that would have prevented the judgment's entry, and/or any legal ground that said judgment was obtained in violation of his rights under the New York State Constitution or the United States Constitution. 
The Petitioner had a constitutional right to consult with an attorney before entering the guilty plea, however, the Petitioner waived this right by entering the plea.
A review of the Petitioner's Affidavit in Support of the Motion for a Writ of Error Coram Nobis fails to disclose a conviction for Driving while Impaired in the Town of Ramapo, County of Rockland, State of New York. Said violation occurred on April 10, 2016 and Petitioner was convicted on June 14, 2019. The Petitioner also failed to disclose a Suspension Pending Prosecution Order entered on or about October 22, 2020, which was cleared on February 03, 2022.
In addition to the Defendant's/Petitioner's lack of proffering any legal grounds for such relief, the Court finds that the Defendant has not shown any equitable reason for considering the requested relief by bringing this motion, on a traffic infraction, some twenty-five years after judgment was rendered.
A Motion to Vacate a Conviction from 25 years ago is equivalent to a dismissal of the conviction as the Movant knows that the People would have great difficulty moving forward to trail, if at all, and said vacatur could be described as "masking" for the purposes of collateral consequences in peculiar to the Defendant's circumstances, or within the control of the DMV.

ORDER
The Court hereby denies the Defendant's motion as the moving papers fail to allege any ground constituting a legal basis for the motion.
The foregoing constitutes the Decision and Order of this Court.
IT IS SO ORDERED.
ENTERED &
DATED: May 16, 2025
Stony Point, New York
William F. Franks
Town Justice